## SIMMS ET AL. VS. RICHARDSON & MAY.

1. PARTIES: *To ejectment by mortgagee.*
   In an action of ejectment by the mortgagee to obtain possession of the mortgaged premises, and take the rents and profits in satisfaction of the debt, he is not obliged to make the legal representatives of the deceased mortgagor defendants. A judgment of recovery in such action does not bar their right of redemption.

2. ————: *Defendants in ejectment* cannot, on motion, require the plaintiff to make other parties, not alleged to have been in possession of the land at the commencement of the suit, defendants.

3. PRACTICE: *Time of pleading.*
   Where the defendants fail to plead at the day the cause is set for trial, an offer by them to plead after that day, is addressed to the discretion of the court, which will not be controlled unless palpable error is shown.

APPEAL from *Chicot* Circuit Court.

Hon. THEODORIC F. SORRELLS, Circuit Judge.

*Reynolds,* for appellants.

*Garland, contra.*

ENGLISH, CH. J.:

This was an action of ejectment for possession of lands, brought by Richardson & May against John G. B. Simms and Charles E. Sessions in the Circuit Court of Chicot County.

The plaintiffs set out an exhibit with the complaint, as evidence of their right to recover possession of the lands, a mortgage executed to them upon the lands, by Walter Sessions, 12th January, 1872, to secure the payment of a note therein described, and allege the condition of the mortgage broken, etc., and defendants in possession of the lands, etc.

The defendants were duly served with process, and on the 12th of July, 1876, being the third day of the return term, defendant Sessions filed a motion in substance as follows:

"Defendant Charles E. Sessions states that said Walter Sessions, under whom plaintiffs claim title, departed this life in 1872, and that one Alexander DeValcourt shortly afterwards took out letters of administration on the estate of said intestate, and is still acting as such administrator; and that this defendant is in possession of a part of said lands under authority derived through said administrator, and is advised that said DeValcourt, as such administrator, is a proper party to this suit as defendant. Whereupon this defendant moves the court that said DeValcourt, as such administrator, be made a party defendant in this suit, and that he be notified of the pendency thereof, that he may take the necessary and proper steps to defend the same."

This motion appears to have been overruled on the 17th of July.

On the 20th of July, Sessions seems to have renewed the motion, stating that on the argument of the former motion it was brought to the notice of the court that DeValcourt, as such administrator, had sold said lands for part cash, and part on time, and that the deferred payments, amounting to about $10,000,

were secured by liens on said lands, and if plaintiffs succeeded in recovering the lands of defendants, and DeValcourt, as such administrator, was not made a party, and permitted to defend for the interest of the said estate, the heirs and creditors of said estate might lose said purchase money remaining unpaid, or be put to expense and delay in securing their rights; and defendants put to expense in protecting their rights under the sale made by DeValcourt as such administrator.

The court again overruled the motion on the day of the filing of this paper.

On the 21st of July, the defendants filed the following motion:

"Come defendants, Sessions and Simms, and move the court to make Nelson W. Bunker a party defendant herein; and state to the court that said Bunker has purchased a portion of said lands and is in possession of the same, and that these defendants are not in such possession as alleged in said complaint; and they are advised that said Bunker is a necessary party to this suit as defendant. Whereupon they move the court that said Bunker be made co-defendant with them, and that he be notified of the same, that he may protect his interest, and that of these defendants."

This motion was heard and overruled by the court on the day it was filed.

There is some confusion in the record as to the day on which the final judgment was rendered. It seems, however, from the judgment entry, that on the twefth day of the term, the motion to make Bunker a party having been overruled, defendants asked leave to file other defenses, and tendered a demurrer, but the court held that they were too late in offering to file other defenses, the cause having been set for trial on the tenth day of the term, and they having failed to answer or demur within the time prescribed by law, and plaintiffs waiving damages, judgment was rendered in their favor for possession of the lands, etc.

Defendants moved to set aside the judgment, on the ground that it was entered without their knowledge, and while the court had under advisement the question of their right to file other defenses, with leave to submit an argument in favor of such right, etc.

The court overruled the motion, and without taking any bill of exceptions bringing upon the record the other defenses and demurrer which they offered to file, or showing any facts other than such as appears of record, they appealed to this court.

I.   In a bill to foreclose a mortgage, the mortgager is a necessary party, and if he be dead, and died owning the equity of redemption, his heirs or devisees, are necessary parties, because his estate in the land descends or is devised to them, and the object of the bill is to bar the right of redemption, and sell the land to pay the debt secured by the mortgage. *Simms et al.* v. *Richardson & May, ante.*   And our practice is to make the administrator or executor of the deceased mortgagor a party, because lands are assets in his hands for the payment of debts.

But in an action of ejectment by the mortgagee to obtain possession of mortgaged premises, and take the rents and profits in satisfaction of the debt, he is not obliged to make the legal representatives of the deceased mortgagor (or the mortgagor himself if living) defendants, because a judgment of recovery in such action action does not bar, and in no manner affects the right of redemption.

Appellees had the right to bring this suit against persons in possession of the lands at the time the suit was commenced, and they were not obliged to make the administrator of Walter Sessions, a defendant, though they might have done so.   Gantt's Dig., sec. 2258.

The statute provides that the action may be brought against the person in possession of premises claimed, or his lessor, or both Ib., sec. 2251.

Sec. 2252 provides that: "The person from or through whom the defendant claims title to the premises may, on his motion, be made a co-defendant."

It was under this section, no doubt, that appellants moved the court below to make DeValcourt, the administrator of Walter Sessions, a defendant.

If appellants held the lands as tenants of DeValcourt, it was their duty, on being sued for possession, to give him notice of the suit (Gantt's Digest, sec. 4016), and he might have been made defendant on his own motion. *Jackson et al.* v. *Allen*, 30 Ark., 110.

If they purchased the lands of DeValcourt, as administrator, as indicated in the second motion, they must have purchased under an order of sale made by the Probate Court, and without warranty, and they had no right to burthen him or the estate which he represented with the expenses of the suit.

The court did not err in overruling the motion to make De-Valcourt a defendant.

II.   Nor did the court err in overruling the motion of appellants to make Bunker a defendant.

The motion does not state that he was in possession of any part of the lands at the time the suit was commenced.

The complaint alleged that the appellants were in possession of the lands.   Had they put this allegation in issue by answer, either as to the whole, or part of the lands, appellees could have recovered of them such of the lands only as they proved them to have been in possession of at the time of commencement of the suit.   Gantt's Dig., sec. 2255.

Appellants had no right to compel appellees to make Bunker a defendant on the showing made by them.

III.   The appellants having failed to answer or demur on the day of the term on which the case was set for trial (Gantt's Dig.,

sec. 4584), as it appears from the judgment entry they did, their offer to plead after that day was addressed to the sound legal discretion of the court (Digest, sec. 4617), and the judgment of the court pronounced in the exercise of such discretion, is not to be overruled by this court unless it appears to be palpably erroneous and unjust. *Carroll* v. *Harris*, 19 Ark., 239, and other cases cited.

What other defenses the appellants offered to file, or on what grounds they proposed to demur to the complaint, we do not know. They should have taken a bill of exceptions, and brought on the record the pleadings which they offered to file, so that we might see whether there was merit in them.

In their motion to set aside the judgment they do not state that they had any meritorious defense to the action.

They state that the judgment was rendered without their knowledge, and while the court had under advisement the question of their right to file other defenses, with leave to submit an argument in favor of such right. If such were the facts they should have made them appear by bill of exceptions. Mere statements in a motion, overruled by the court below, and in no mode authenticated, cannot be assumed to be true against the judgment of the court overruling the motion. *Hurley* v. *State*, 29 Ark., 23.

Affirmed.