## TWIST *v.* MULLINIX.

### Opinion delivered December 18, 1916.

1. MALICIOUS PROSECUTION—ACTION MAINTAINABLE WHEN —TERMINA-TION OF ORIGINAL PROCEEDINGS.—Before a party may maintain an action for malicious prosecution, it is necessary for him to show that the original proceeding instituted against him has been legally terminated; and it is a sufficient termination of the original proceeding to serve as a basis for an action for malicious prosecution that plaintiff was discharged, or that the original proceeding was dismissed at a preliminary hearing, or before trial, as upon an abandonment of the proceedings.

2. MALICIOUS PROSECUTION—PROOF OF ABANDONMENT OF ORIGINAL PROCEEDING.—Oral proof is admissible to show that the defendant, in a suit for malicious prosecution, abandoned the criminal prosecution against the plaintiff.

3. MALICIOUS PROSECUTION—ABANDONMENT OF ORIGINAL PROCEEDING. One T. filed information against one M., charging embezzlement, and also brought a civil action against him. Both actions were returnable before the same justice of the peace. Upon trial, the justice rendered judgment in the civil action for M., and upon the motion of M.'s attorney, dismissed the criminal prosecution. T. and his attorney

were present and raised no objection to the court's action. *Held*, the prosecution will be treated as abandoned by T., and this although the same facts were afterward presented to the grand jury, and an indictment returned upon them.

4.  JUDGMENTS—PROOF OF—PROOF OF DISMISSAL OF ACTION.—The fact that a criminal proceeding before a justice had been dismissed must be shown by the judgment of dismissal entered in the justices' docket or the minutes of his proceedings; oral proof of such judgment is not competent until a sufficient foundation has been laid for such proof by a showing that the justice kept no docket, or that the same had been lost.

5.  APPEAL AND ERROR—FAILURE TO OBJECT BELOW—INCOMPETENT TESTIMONY.—Appellant can not complain of the admission of incompetent testimony, for the first time, on appeal.

6.  TRIAL—REVIEW OF VERDICT BY TRIAL JUDGE—PREPONDERANCE OF THE EVIDENCE.—After the jury has returned its verdict, if there has been filed a motion for a new trial setting up that the verdict is not sustained by sufficient evidence, òr that it is contrary to law, or both, it is then the province of the trial court to review the verdict and to determine whether or not the jury has correctly applied the law as contained in the court's instructions, and whether or not the verdict is responsive to the preponderance of the evidence.

7.  TRIAL—DUTY OF COURT TO SET ASIDE VERDICT, WHEN.—When the trial court is convinced that a verdict is not sustained by a preponderance of the evidence, then it is his duty to set aside the verdict; and if the trial court finds and announces that a verdict of the jury is against the preponderance of the evidence on a material issue of fact, then he must set the verdict aside.

8.  APPEAL AND ERROR—REVERSAL WHERE VERDICT IS NOT SUPPORTED BY WEIGHT OF EVIDENCE.—A cause will not be reversed on appeal to this court, where the trial court has overruled a motion for a new trial made on the ground that the verdict is against the weight of the evidence, upon the ground that the verdict was not supported by a preponderance of the evidence, unless it is manifest that the trial court abused its discretion and acted imprudently, arbitrarily or capriciously.

9.  TRIAL—CONFLICTING EVIDENCE—SETTING ASIDE A VERDICT.—It is the duty of the trial court to set aside a verdict which is clearly against the weight of the evidence, and, conversely, he must not set aside a verdict if the evidence is so evenly balanced that he cannot see clearly that the verdict is against the preponderance of the evidence.

10.  APPEAL AND ERROR—TRIAL—PREPONDERANCE OF THE EVIDENCE—FINDING OF TRIAL JUDGE—DUTY TO SET ASIDE A VERDICT.—Where the trial court finds positively and unequivocally that the verdict of the jury is against the preponderance of the evidence, it is reversible error for him thereafter to fail to set aside the verdict.

Appeal from Crittenden Circuit Court; *J. F. Gautney*, Judge; reversed.

J. W. Mullinix, who, at that time lived in Mississippi, was employed by Ira F. Twist to manage his plantation in Arkansas. After a few months Twist became dissatisfied with Mullinix as manager, claiming that he was incompetent, and discharged him.

Mullinix, after his discharge, returned to Mississippi, leaving his family and household effects temporarily in a house that he occupied at Earle, Arkansas. Twist claimed that upon investigation he ascertained that Mullinix had misappropriated and converted to his own use funds in his hands belonging to Twist amounting to something more than $200.00, and after consultation with an attorney, and upon his advice, he made an affidavit before a justice of the peace charging Mullinix with the embezzlement of $200, and also at the same time instituted a civil suit for that sum and had an attachment issued and levied upon Mullinix's household goods.

Mullinix returned to Arkansas to defend the attachment suit and was arrested on the warrant charging him with embezzlement. He was allowed to go at liberty until the next day, when the attachment suit was tried before the justice.

The civil suit resulted in a judgment for Mullinix. After the civil suit was disposed of, and while Twist and his attorney were present, the attorney for Mullinix called the justice's attention to the criminal case and told the court that the facts were the same in the two cases, and moved the court that the criminal case be dismissed and Mullinix discharged. The court sustained the motion, no objection being made to same by Twist or his attorney.

Mullinix afterwards instituted this suit against Twist for malicious prosecution. There was a verdict in favor of Mullinix in the sum of $20,000.00. Twist moved for a new trial.

The court had a remittitur entered for the sum of $15,000.00, to which Mullinix agreed. The motion for new trial was overruled and final judgment was rendered in Mullinix's favor in the sum of $5,000.00, from which this appeal comes. Other facts will be stated in the opinion.

*Hughes & Hughes, Allen, Humphrey & Converse,* for appellant.

*Berry & Wheeler* and *H. H. Barker,* of counsel.

1. The criminal prosecution was not abandoned. 1 Corpus Juris, 5-7; 1 Cyc. 4; 24 Cal. 339; 70 Ark. 538; 12 Cyc. 379; 73 Hun. 547; 34 S. E. 531; 38 Kans. 570.

2. There is no legal evidence in the record that the criminal prosecution before the justice was dismissed. Freeman on Judg., § 38; Wigmore on Ev., §§ 2425-2450; 23 Cyc. 1534; 10 Wend. 325; 4 Ark. 236; 7 Ill. App. 369; 33 Ark. 485; 40 *Id.* 166; 87 *Id.* 441; 51 *Id.* 317; Kirby's Digest, §§ 4562, 4604; 2149, 4616-17.

3. But if the evidence proves the dismissal the order of the justice was illegal and void. 23 Cyc. 1059; 30 S. E. 558; Kirby's Digest, §§ 2130, 2137; 104 Pac. 468.

4. If the proof shows a termination of the criminal case it was brought about by plaintiff and such termination will not support a malicious prosecution suit. 36 S. E. 470; 10 Cush. 281; 144 Mass. 431; 73 N. H. 384; 123 Cal. 35; 2 L. R. A. (N. S.) 945; 43 N. J. L. 57.

5. There was probable cause for instituting the criminal case. The burden was on plaintiff to prove malice and want of probable cause. 32 Ark. 166, 765; 63 *Id.* 439; 33 *Id.* 316; 107 *Id.* 74; 96 *Id.* 325; 71 *Id.* 351; 42 Minn. 49.

6. Where defendant makes a full, fair and honest statement to counsel and acts thereon, he is not liable. 107 Ark. 74; 122 Ark. 382; 100 Ark. 316; 71 *Id.* 351. The finding of an indictment by the grand jury is

*prima facie* evidence of probable cause. 26 Cyc. 40. See also notes to 26 Am. St. Rep. 158.

7. The damages were so excessive as to show passion and prejudice. 19 Cyc. 372.

8. Defendant was taken by surprise and new evidence was discovered. 66 Ark. 612.

9. The verdict is clearly against the weight of the evidence and was disapproved by the court below. It should be set aside. 47 Ark. 567; 94 *Id.* 566; 98 *Id.* 334; 100 *Id.* 599; 112 Tenn. 463; 85 *Id.* 387; 102 *Id.* 702; 113 Ga. 453; 16 Wash. 288; 17 Kans. 172.

*Caruthers Ewing, H. C. Williamson, Jr.,* and. *A. B. Shafer,* for appellee.

1. The granting or refusing a new trial on the ground of surprise, newly discovered evidence, etc., is a matter addressing itself to the sound discretion of the trial court. 18 Ark. 570; 26 *Id.* 496; 85 *Id.* 33; 103 *Id.* 589; 118 *Id.* 277; 29 Cyc. 1009-10. The so-called newly discovered evidence only was valuable, if at all, to impeach by contradiction the testimony of Mullinix as to 100 bushels of seed. Such testimony is not ground for new trial. 90 Ark. 435; 97 *Id.* 92; 99 *Id.* 407; 114 *Id.* 472.

2. The original prosecution was finally determined and ended. It was dismissed by defendant's consent. 4 Mackey's Rep. 65; 2 Johnson 204.

3. It is an invasion of the province of the jury to set aside a verdict that is not clearly or decidedly against the evidence, or the weight thereof. 10 Ark. 138; 13 *Id.* 339; 17 *Id.* 385; 20 *Id.* 443; 47 *Id.* 562; 94 *Id.* 556; 98 *Id.* 334; 94 *Id.* 566. The Tennessee rule is not a sound one. 14 Pl. and Pr. 770, note; 29 Cyc. 824; 58 Kans. 447; 48 Pac. 579; 1 Sumner, 451; 73 Ga. 630; 108 *Id.* 792; 137 Mass. 315; 24 S. C. 593; 69 *Id.* 160; 3 Ore. 178; 108 Mich. 446; 102 Va. 622; 134 N. C. 53; 107 N. Y. App. Div. 254.

4. When the criminal prosecution was dismissed finally, the termination thereof justified the bringing of

the suit for malicious prosecution.    4 Mackey Rep. 65; 129 Tenn. 614.

5.    The finding of an indictment affords *prima facie* proof of probable cause.    71 Ark. 351;. 94 *Id.* 433; 100 *Id.* 316.

6.    Suing out an attachment without good reason and honest belief is ground for an action.    63 Ark. 387; 73 *Id.* 437.

7.    Probable cause exists only when a reasonably prudent, dispassionate man would believe on the facts that the accused was guilty.    32 Ark. 166, 177;    69 *Id.* 439;  71 *Id.* 351;  82 *Id.* 252.

8.    Malice may be inferred from want of probable cause.    32 Ark. 166;  37 *Id.* 160;  63 *Id.* 387;  94 *Id.* 433; 100 *Id.* 316.

9.    Advice of counsel is a defense only when a full and fair statement of facts is made and advice sought in good faith.    71 Ark. 351;  73 *Id.* 437;  100 *Id.* 316; 107 *Id.* 74;  18 L. R. A. (N. S.) 65 and note.

10.    If untruthful statements are made to counsel, the advice is no protection.    66 Neb. 782;  92 N. W. 1014;  68 N. E. 179;  37 *Id.* 593;  84 N. W. 574.    See also 73 Ark. 437;  76 *Id.* 41;  Newell on Mal. Pros., p. 325, 22.

11.    The verdict is not excessive.    66 Ill. App. 173; 97 N. Y. App. Div. 416;  50 Fed. 515;  203 Mo. 295; 18 W. Va. 1;  73 Tex. 12;  139 Ala. 217;  131 Ind. 223; 67 Wisc. 350;  74 Hun. 284.

WOOD, J. (after stating the facts).  (1)  Before appellee could maintain his action for malicious prosecution it was necessary for him to show that the original proceeding instituted against him had been legally terminated.  "It is a sufficient termination of the original proceeding to serve as a basis for an action for malicious prosecution that plaintiff was discharged, or the original proceeding was dismissed at a preliminary hearing, or before trial, as upon an abandonment of the proceedings."    26 Cyc. 55 et seq. 59.

(2-3) Appellant, while conceding that an abandonment of the original proceedings by Twist would be a sufficient termination of the original proceedings, nevertheless contends that the criminal prosecution was not abandoned. But, giving the testimony its strongest probative value in favor of the appellee, it was sufficient to warrant a finding that Twist had abandoned the criminal prosecution instituted by him against the appellee before the justice of the peace. Oral proof of what took place before the justice was competent to show an abandonment. The testimony shows that after the verdict had been returned in the civil action an attorney for the appellee stated that the facts were about the same in the two cases and moved the court to dismiss the criminal charge, and that the court dismissed that charge and released the appellee. Appellant Twist and his counsel were present and offered no objection to this proceeding. When such affirmative action was being taken by the court in the presence of Twist and his counsel with reference to the prosecution that had been instituted by him it was incumbent upon him at least to object to the dismissal. He was called upon to speak then, and having failed to do so he cannot set up that the prosecution was not abandoned because the same facts were afterward presented by him to the grand jury upon which an indictment was returned.

The proceedings before the grand jury were entirely independent of the proceedings before the justice of the peace. If the justice had held appellee to answer to the grand jury on the charges instituted against him by Twist then the proceedings before the grand jury might be regarded as a continuation of the original prosecution. But when the justice dismissed the prosecution and discharged the appellee without objection or protest from appellant, that was an abandonment of the proceedings before the justice. See *Costello* v. *Knight*, 4 Mackey Rep. 65.

This is not like a case where a criminal prosecution is dismissed by mutual consent. Here the testimony tended to show that the facts upon which the prosecu-

tion was based had been developed in a civil action, and the appellee, in asking the justice to dismiss the prosecution and to discharge him, was but contending that the cause had been heard and that he was entitled, as a matter of legal right, to a judgment dismissing the prosecution.

There was no mutual consent between the appellee and the appellant that the prosecution should be dismissed, but a positive demand for dismissal upon the part of the appellee, and a failure to object thereto on the part of appellant. The facts of this case are entirely different from those cases cited in appellant's brief, in which a *nolle prosequi* of the criminal case is procured at the instance of the defendant therein, or where there has been a compromise and the case is dismissed by mutual consent of the prosecutor and the defendant.

There was testimony from which the jury might have found that appellant Twist abandoned the criminal prosecution instituted by him against appellee before the justice of the peace. Such abandonment, as we have seen, constituted a legal termination of that prosecution.

(4)    There is no competent evidence in the record showing that the criminal prosecution against appellee pending before the justice had been dismissed. Such fact could only be established by the best evidence thereof, which would be the judgment of dismissal entered on the justice's docket or minutes of his proceedings. Oral proof of such judgment would not be competent until a sufficient foundation had been laid for such proof by showing that the justice had kept no docket or that the justice's docket had been lost or destroyed. See *Scott* v. *State*, 49 Ark. 156. Our statute provides that every justice of the peace shall keep a docket in which he shall enter his proceedings in each case. See Kirby's Digest, sections 4562, 2149.

(5)    The appellant, however, is not in an attitude to complain of the ruling of the court in permitting the justice of the peace to testify that the criminal case against the appellee was dismissed. Appellant made no objection to such testimony at the time, saved no

exceptions to the rulings of the court, and did not make such ruling a ground of his motion for a new trial. We would not reverse the case therefore for the ruling in admitting this incompetent testimony, and only mention it here in view of a new trial.

Appellant urges that there was probable cause for instituting the criminal prosecution against appellee before the justice, and that no malice upon the part of Twist was shown. Also that the verdict was excessive, and actuated by passion and prejudice.

The testimony bearing upon these questions is quite voluminous. No useful purpose could be subserved by discussing it in detail. These were issues of fact upon which the court properly instructed the jury, and there was evidence to sustain the verdict. We find no reversible error in the rulings of the court on any of these grounds.

In overruling the motion for a new trial the court said: "While the jury determined by their finding that Twist did not make a full and complete statement of all of the facts within his knowledge when consulting said attorney, in my judgment the finding upon that question was against the preponderance of the evidence. However, the verdict will not be disturbed merely because it is against the preponderance of the evidence."

Under our judicial system it is the peculiar province of the jury to determine issues of fact, being guided in their deliberations by instructions or declarations of law announced by the trial court applicable to the facts which the testimony adduced in the cause tends to prove. It is the duty of the jury to apply the law, as declared by the court, to the facts which they find established by the evidence and decide the issues of fact in accordance with the preponderance of the evidence.

(6) In order to determine which of the parties litigant has the preponderance of the evidence in his favor the jury are the sole judges of the credibility of the witnesses and the weight to be given to their testimony. Under our Constitution the trial court can-

not invade the province of the jury to tell them what weight they should give to the testimony as a whole, or to that of any witness. They cannot charge juries with regard to matters of fact. Const. of Ark. article 7, section 23. But after the jury has concluded its deliberations and returned its verdict, if there is a motion for a new trial setting up that the verdict is not sustained by sufficient evidence, or that it is contrary to law, or both, it is then the province of the trial court to review the verdict and to determine whether or not the jury has correctly app·ied the law as contained in the court's instructions, and whether or not the verdict is responsive to the preponderance of the evidence.

(7-8)   Under the law the verdict of a jury should be in favor of that party who has established the issues of fact for which he contends by a preponderance of the evidence. If the jury has not so decided, then its verdict is not correct, and it is the peculiar and exclusive province of the trial court to correct such error by granting a new trial. When the trial court becomes convinced that the verdict is not sustained by a preponderance of the evidence, then it is his duty to set aside that verdict. And if the trial court finds and announces that the verdict of the jury is against the preponderance of the evidence on a material issue of fact then he must set aside such verdict. The trial court presides over the trial. He observes and hears the witnesses, and has the same opportunity as the jury in this respect, and that is the reason why it is made his peculiar and exclusive function to determine the issue on a review of the verdict as to whether it is responsive to the preponderance of the evidence in the cause. This court cannot do that for the reason that it has no such opportunity. Hence the rule is firmly established by the authority of our own decisions, as well as courts of last resort in many other jurisdictions, that a ruling of the trial court overruling a motion for a new trial and sustaining the verdict of a jury, as in accord with the preponderance of the evidence, will not be reversed and the verdict set aside by the appellate court even though

such court may be convinced that the verdict of the jury is clearly against the weight of the evidence. This court will not pass upon the issue as to whether or not a verdict is responsive to the preponderance of the evidence, but will leave that issue where it belongs, under our judicial system, to the trial court. But when the trial court has passed upon that issue and announced its finding this court must see as a matter of law that the party entitled thereto gets the benefit of such finding.

The rule setting forth the respective functions of the jury and the trial court and this court is well expressed in *Richardson* v. *State*, 47 Ark. 562, 567, where we said: "But the weight of evidence and the credibility of witnesses are to be determined by the jury. It is the duty of the trial court to set aside a verdict which is clearly against the weight of the evidence. But when the case reaches us, the question is no longer whether the evidence preponderates on one side or the other, or whether due credit has been given to the statements of a witness who has testified fully and fairly. But the question is, whether there is a failure of proof on a material point. To order a new trial because we differ in opinion from the circuit judge as to the weight of the testimony, or the truth or falsity of a witness, is to substitute our discretion for his discretion. And in this matter he is supposed to enjoy some advantages over us."

And again in *Blackwood* v. *Eads*, 98 Ark. 304-310, where we quoted from *Taylor* v. *Grant Lumber Co.*, 94 Ark. 566, as follows: "The trial judge still has control of the verdict of the jury after and during the term it was rendered. Because of his training and experience in the weighing of testimony, and of the application of legal rules to the same, and of his equal opportunities with the jury to weigh the evidence and judge of the credibility of witnesses, he is vested with the power to set aside their verdicts on account of errors committed by them, whereby they have failed in their verdict to do justice and enforce the right of the case under the testimony and instructions of the court. This is a

necessary counterbalance to protect litigants against the failure of the administration of the law and justice on account of the inexperience of jurors."

In *Blackwood* v. *Eads, supra,* we said further: "Where there is a decided conflict in the evidence this court will leave the question of determining the preponderance with the trial court, and will not disturb his ruling in either sustaining a motion for a new trial or overruling same." * * *

"The witnesses give their testimony under the eye and within the hearing of the trial judge. His opportunities for passing upon the weight of the evidence are far superior to those of this court. Therefore his judgment in ordering a new trial will not be interfered with unless his discretion has been manifestly abused." See also *McDonald* v. *St. L. S. W. Ry. Co.,* 98 Ark. 334; *McIlroy* v. *Arkansas Valley Trust Co.,* 100 Ark. 596-599.

The only tribunal, under our judicial system, vested with the power to determine whether or not a verdict is against the preponderance of the evidence is the trial court. Where there is a conflict in the evidence and the trial court finds that the verdict, upon a material issue of fact, is against the preponderance of the evidence, the logical and necessary result of such finding as matter of law is that the verdict must be set aside; otherwise, it would be impossible to correct the error.

We are aware that a different rule prevails in some jurisdictions, but the rule which obtains in our own jurisdiction is the only logical and sound one, and it is supported by excellent authority elsewhere. Precisely the same rule prevails in Tennessee. *Cumberland, etc. Telephone Co.* v. *Smithwick,* 112 Tenn. 463; *Railroad* v. *Neely,* 102 Tenn. 702; *Turner* v. *Turner,* 85 Tenn. 387; and see, also, *K. P. Railway Co.* v. *Kunkel,* 17 Kan. 172; *Central of Georgia Ry. Co.* v. *Harden,* 113 Ga. 453; *Tacoma* v. *Light Co.,* 16 Wash. 288. We cannot approve the doctrine that it is an invasion of province of the jury for the trial court to set aside a verdict which he finds to be against the preponderance of the evidence. On the contrary if

he fails to do so, he surrenders his own province, ignores
his duty, and by so doing destroys the integrity of the
best system that thus far has been devised in this
country for the administration of justice.

Perhaps in the majority of courts of last resort in
this country the rule obtains that where the trial court
has sustained the verdict of a jury, the court of review
will not reverse the ruling of the trial court in refusing
to set aside such verdict where there is sufficient evi-
dence to sustain it, even though in the opinion of the
appellate court such verdict may be clearly against the
weight of the evidence.

Learned counsel for the appellee cite us to several
cases of our own court where the above rule is an-
nounced. *Drennen* v. *Brown*, 10 Ark. 138; *Allen* v.
*Nordheimer*, 13 Ark. 339; *Lindsay* v. *Wayland*, 17 Ark.
385; *Miss. etc. R. R. Co.* v. *Cross*, 20 Ark. 443.

But the rule announced in these cases has no
application whatever to, and should not govern trial
courts in passing upon motions for a new trial. Having
presided at the trial, and having seen and heard the
witnesses testify, they have had the same opportunities
as the jury, and hence are vested with the authority to
ascertain whether or not the jury's verdict is in accord-
ance with the preponderance of the evidence, and when
they have found upon conflicting evidence that such
verdict is, or is not, against the weight of the evidence,
such finding will not be set aside unless it is manifest
that the court abused its discretion, that is, acted
improvidently, arbitrarily, or capriciously in making
such finding. Such finding must avail the party entitled
to the benefit thereof.

Now, if the court had simply overruled the motion
for a new trial, without the statement quoted, this
ruling would have been tantamount to a finding that
the verdict was not against a preponderance of the
evidence. But such deduction cannot be drawn here for
there was an affirmative finding of the court in the
following language: "While the jury determined by their
finding that the defendant Twist did not make a full

and complete statement of all of the facts within his knowledge when consulting said attorney, in my judgment the finding upon that question was against the preponderance of the evidence."

(9)   This court has said in several cases that, "It is the duty of the trial court to set aside a verdict which is clearly against the weight of the evidence," which means conversely that the trial judge should not set aside a verdict if the evidence is so evenly balanced that the court cannot see clearly that the verdict is against the preponderance. In other words the trial court should let the verdict stand if he is in doubt as to whether or not it is against the preponderance. Where he finds positively that it was we must assume that he was convinced that such was the fact. When the language used by the court in ruling on the motion for new trial is closely analyzed, there does not appear to be any doubt or uncertainty in the mind of the court that the jury's finding was against the preponderance of the evidence. To be sure, where the language used by the court is such as to make it doubtful or uncertain as to whether the court actually found the fact to be that the verdict was against the preponderance of the evidence, then the ruling of the court in refusing to set the verdict aside should not be disturbed. But the language of the court was not such as to indicate that the testimony was so nearly at equipoise in the thought of the presiding judge as to leave him in doubt as to whether the verdict was against the preponderance of the evidence on the particular question mentioned. The word "merely" in the language quoted does not qualify the finding of the court on that issue. On the conclusion of fact as to the verdict being against the preponderance of the evidence, the language of the court is positive and unequivocal.

The language "but, of course, the verdict will not be disturbed by me merely because it is against the preponderance," states the court's reason for the conclusion it had reached not to set aside the verdict. This language certainly does not indicate that there was any doubt or uncertainty in the mind of the court that the

verdict was against the preponderance of the evidence. It rather emphasizes and strengthens the idea that the court had reached that conclusion. The language, however, does show that the court wholly misapprehended the rule of law that should be applied to such a finding. The language shows that the court was of the opinion that he could not disturb the verdict merely because it was against the preponderance, whereas that was the very reason why he should have set it aside.

The word "merely" means "purely," "only," "solely." "Merely" is often misused for "simply." Funk and Wagnall's New Standard Dictionary. As used in the sentence it qualifies the word *because.* So, giving the word any one of its natural and accepted meanings, and treating it in its grammatical relation to the other parts of the sentence, it does not show that the court was in any doubt whatever about the verdict of the jury being against the preponderance of the evidence. If the language of the court had been "the verdict will not be disturbed by me solely (or simply, or purely, or only) because it is against the preponderance of the evidence," it would have had precisely the same meaning as the language actually used.

(10) Therefore, we conclude that the finding of the court was positive that the verdict was against the weight of the evidence on the essential point mentioned, and that the court erred, after thus finding, in not setting aside the verdict. For this error the judgment must be reversed and the cause remanded for a new trial.

HART, J. (dissenting). It is true that according to the uniform current of authority in this State, it is the duty of the trial court to set aside a verdict which is clearly against the weight of the evidence. But this statement of the law was not intended to authorize the trial court to weigh the evidence and substitute its judgment for that of the jury; for under our constitution, this is clearly the peculiar province of the jury.

The inquiry in such cases is not whether the judge acting as a juror would or would not have come to the conclusion returned by the jury in their verdict, but whether reasonable men charged with the duty of finding facts from the evidence, under the court's instructions as to the law applicable to the case, would come to that result. *Doody* v. *Boston & Maine Rd.,* 77 N. H. 161, Ann Cas. 1914 C, 846; *Reeve* v. *Dennett,* 137 Mass. 315; *Atchison, etc. Railroad Co.* v. *Matthews,* 58 Kan. 447. See also *State* v. *Tarrant,* 24 S. C. 593; *Beaudrot* v. *Southern Ry. Co.,* 69 S. C., 160 and *Oregon Cas. R. R. Co.* v. *Oregon Steam Nav. Co.* 3 Ore. 178.

The fair inference to be deduced from the remarks of the trial judge is that while upon the evidence adduced at the trial, he would have found the other way, yet, after a full consideration of the matter, he was not so clearly of the opinion that the verdict of the jury was against the preponderance of the evidence, that, as a matter of law, he was required to set it aside. This construction of his remarks is borne out by the fact that the court approved the verdict, and entered judgment thereon.

Our Constitution provides that judges shall not charge juries with regard to matters of fact, but shall declare the law. If the jury abuses this power, it is the duty of the trial judge to grant a new trial; but he should do this only when he is clearly of the opinion that the verdict of the jury is against the preponderance of the evidence; and not merely because he differs with the jury as to the preponderance of evidence.

I am authorized to state that Judge Humphreys concurs in this dissent.