PRESLEY *v.* SCHENEBECK.

4-4828

Opinion delivered November 22, 1937.

*Chas. A. Walls,* for appellant.
*W. P. Beard,* for appellee.

McHANEY, J. Appellant brought this action against appellee to recover damages which he sustained when the car in which he was riding as a guest collided with a truck owned by appellee and operated by his servant, at a time when said truck was parked on U. S. highway No. 70, near Carlisle, Arkansas, on November 4, 1935. Appellant was riding in a 1925 or 1926 Dodge coupe with the owner, H. E. Pinson, and two other persons, one of whom was the driver, from North Little Rock to his home in Prairie county. There was only one seat in the car and all four persons were riding on said seat, appellant sitting in the lap of said Pinson. The time of the accident is not definitely fixed in the testimony although appellant says at one place it was dark and at another place it was between sundown and dark and at another place, between 6:30 and 7:30 p. m., on said date. The truck was parked on the right-hand side of the highway heading cast and was so parked because either one or both of the tires on the right rear dual wheels were flat. It was not moved over on the shoulder off of the highway because the driver of the truck testified that it was raining, that the flats occurred on a high dump, that the shoulder of the road was soft, and that had he parked on the shoulder, he would have been unable to jack up the truck so as to take off the tires. The tire repair man testified that he went out and got the tires about 4:30 in the afternoon on receiving word from the driver regarding the condition of his tires, took them back to Carlisle, repaired them and that it was about 5:30 when he brought the tires back—between sundown and dark, and that it was raining. Appellant and his witnesses testified that they did not see the parked truck until they were right on it, because, as they approached the truck, they were blinded by the lights of another car going west. Appellant's complaint charged negligence against appellee in that his servant parked said truck on said highway in the main line of traffic at night without tail lights, flares, or other signal to warn approaching traffic or without stationing a watchman with a lantern to warn traffic moving in the same direction of the danger. Appellee answered with

a general denial of the material allegations of the complaint and the further defense that he was injured through his own negligence and the negligence of the driver of the car in which he was riding. Trial to a jury resulted in a verdict and judgment in appellee's favor and the case is here on appeal.

The court, at the request of both parties fully instructed the jury regarding the rules and regulations governing traffic upon the highways of this state, regarding the period for displaying lights, the number of lights, lights on parked or standing vehicles and that "it is unlawful to park or leave any vehicle standing upon a public highway, whether attended or unattended, at any of the following places:" * * * (6) "At any place where there is not a clear and unobstructed width of not less than 15 feet opposite the vehicle upon the main traveled portion of the highway for the free passage of other vehicles; or (7) At any place where there is not a clear view for a distance of 200 feet in each direction upon the highway." Appellee asked and was given instructions 1 and 2, which were based upon a portion of § 24, act 223 of 1927, and the rules of the Highway Commission adopted pursuant thereto, as follows: "No person shall park or leave standing a vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of 200 feet in each direction upon such highway. * * * The provisions of this section shall not apply to the driver of any vehicle which is disabled while on the paved or improved or main traveled portion of a highway in such manner and to such extent

that it is impossible to avoid stopping and temporarily leaving such vehicle in such position."

Appellant first contends that the trial court should have granted his motion for a new trial on the ground, as we understand appellant's contention, that the great preponderance of the evidence was in appellant's favor, and the case of *Blackwood* v. *Eads*, 98 Ark. 304, 135 S. W. 922, is cited to sustain the contention. It was there said: "Trial courts have large discretion in the matter of granting new trials, especially upon the weight of the evidence, and this court will not interfere with such discretion unless it be made to appear that it was improvidently exercised. 'Improvidently exercised,' as used above, means thoughtlessly exercised or without due consideration. Webster, New Int. Dict.: 'Improvidently.' " It has been frequently held by this court and was again stated in the case cited, that where there is a decided conflict in the evidence, it is the duty of the trial court to determine where the preponderance lies when passing on a motion for a new trial, and that this court will not reverse his action in failing to grant a new trial, although we may differ with him on the question where the preponderance lies.

In this connection, it is pointed out that though the undisputed proof is that the highway at the point of the accident is only 20 feet wide, and that the truck occupied at least six and one-half or seven feet of the highway, that the physical facts show that appellee and his witnesses were mistaken when they testified that they measured the distance between the point where the truck was standing and the opposite edge of the road the next morning, and found it to be 15 feet and 2 inches. While this is true, it is also true that the question of the disability of the truck was presented, that is, that the tires were flat on the right rear wheels, that the truck was heavily loaded, that the shoulder of the road was soft and that the truck would bog down, making it impossible to jack up the wheels and remove the tires therefrom in order to be repaired. We think this situation made a

question for the jury and that the court properly submitted same.

It is next insisted that instructions 1, 2, 3, 4, 5, and 6, requested by appellee and given by the court, are inconsistent and erroneous and not applicable to the issues submitted to the jury. We have carefully examined these instructions and do not think they are open to the objections made. We do not set them out as it would unduly extend this opinion. Instruction No. 3 was to the effect that if the jury should find from the evidence that the plaintiff himself was guilty of negligence, either of omission or commission, and that said negligence contributed to his injuries, then their verdict should be for the defendant. As to this instruction, appellant insists that it is clearly erroneous because of the absence of any testimony whatsoever to show that appellant was guilty of negligence, either of omission or commission, or that any negligence of his contributed to his injuries. We disagree with appellant. While we do not say, as a matter of law, that he was guilty of negligence, we think the facts and circumstances were sufficient to justify the jury in finding negligence on his part. For instance, four of them were riding in a one-seated automobile, all sitting in one seat, he upon the lap of the owner of the car. He it was who made this crowded condition in this car, being a self-invited guest therein, and it may be that this crowded condition interfered with the driver in the proper handling of the car. Moreover, it was shown that it was raining at the time and that the windshield wiper on the car in which he was riding, was not in working order, or at least several witnesses so testified, and that the windshield itself was clouded and dirty. So, it may be, that the jury found appellee's servant guilty of negligence in the parking of said truck on the highway, under the circumstances, but also that appellant, himself, was guilty of contributory negligence in riding in said car under the circumstances stated. While it is true that appellant was seriously and grievously injured, and that had we been on the jury we might have returned a different verdict, still we are unable to say that the verdict of the jury is

not supported by substantial evidence. We think the court fairly and fully submitted the question to the jury, and that the judgment must be affirmed. It is so ordered.