Gazette Publishing Company *v.* Jones.

4-8698                                         216 S. W. 2d 801

Opinion delivered January 24, 1949.

*J. G. Moore,* for appellant.

*Charles L. Farish,* for appellee.

Holt, J. October 19, 1946, appellant, Gazette Publishing Company, brought this suit before a Justice of the Peace against D. S. Jones, M. W. Jones and Vernon Kincaid, for $185.52 alleged to be due under a written contract between D. S. Jones and appellant, for commissions on the sale and distribution of appellant's papers

in certain defined territory. M. W. Jones and Vernon Kincaid were sureties on D. S. Jones' bond.

Appellees answered denying all allegations except those specifically admitted and by way of cross-complaint alleged that D. S. Jones "entered into a contract with the plaintiff (appellant) whereby he (appellee) was to have the exclusive right of sale of said newspaper published by the plaintiff on a designated route beginning at Morrilton, Arkansas, and including Springfield, Birdtown, Solgohachia, Hattieville, and intermediate points. A short time thereafter, some week or ten days, additional territory was granted to the defendant (D. S. Jones), by oral agreement, extending the route to Center Ridge, Scotland, Formosa, and Cleveland. Defendant states that it was understood and agreed by and between the defendant and the plaintiff that he was to have the sole and exclusive right of sale of said newspaper throughout said territory; that in violation of said agreement the plaintiff solicited and sold to subscribers in said territory in competition with the defendant and without his consent. And that in the event subscriptions to said papers were received by the plaintiff direct and through other agents from subscribers within the territory allotted to the defendant then and in that event the plaintiff agreed to credit the defendant his average profit thereon. Defendant states that the plaintiff sold to individuals on his route for a period of two years as follows, etc.," and further alleged that appellant owed D. S. Jones commissions amounting to $1,188, but for the purpose of bringing his counterclaim within the jurisdiction of the Justice Court, he remitted all over $300, and after allowing appellant $69.34, prayed for judgment for $230.66. From a judgment in the Justice Court in favor of appellee, D. S. Jones, for $230.66, appellant appealed, and on a jury trial in the Circuit Court, appellant was awarded judgment for $69.34.

Upon the return of the verdict, appellant moved for judgment in the amount of $185.52, notwithstanding the jury's verdict. The Court denied appellant's motion and this appeal followed.

Appellant contends, with much earnestness, that the undisputed testimony in this case shows that it was entitled to a judgment for the full amount claimed, $185.52, notwithstanding the jury's verdict (*non obstante veredicto*), and that the court erred in not so holding.

Appellant bases this contention on the terms of the written contract and argues that Jones failed to comply with its terms by accepting from subscribers payments in advance, and had failed to pay appellant "such unearned portions of prepayments made by customers to Jones." There was substantial evidence, however, that shortly after the execution of the written contract, an oral agreement, as alleged in appellee's cross-complaint, *supra,* was entered into enlarging the territory allotted to Jones, giving him the exclusive right of sale of appellant's papers in both the old and new territory, and a reduction in the price of papers as stipulated in the written contract, as an added inducement to assume the new territory. There was further evidence that appellant in violation of its oral agreement with Jones secured a large number of subscriptions for its paper within the territory allotted to him and refused to allow him any commission on these subscriptions.

In the circumstances, the trial court properly gave the following instruction: "If you find from a preponderance of the testimony in this case, that subsequent to the execution of the written contract between plaintiff and defendant, D. S. Jones, by oral agreement, a legal and valid contract was entered into between plaintiff and defendant extending the territory originally covered by the written contract, and that plaintiff in the sale and distribution of its newspapers by defendant, D. S. Jones, collected payments of subscriptions in excess of any amounts legally and properly due it and that by reason of alleged oral contract is indebted to the defendant, D. S. Jones, in an amount in excess of any indebtedness due by D. S. Jones to plaintiff, then your verdict should be for the defendant upon his cross-complaint for such difference; if any."

Whether the jury's verdict was consistent is not for us to determine. All we do determine is whether there was any substantial evidence to support it. We hold that there was. The rule announced in *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S. W. 2d 49, applies here. There we said:

"It is true that the verdict is not consistent, but this is not ground for us to reverse the judgment, as it is supported by very substantial and sufficient testimony. . .

"The trial court might have granted the motion of either party for a new trial, and should have done so if convinced that the verdict was contrary to the preponderance of the evidence. *Twist* v. *Mullinix,* 126 Ark. 427, 190 S. W. 851. But the jury having returned a verdict for a substantial amount, and the plaintiff not being entitled, under the pleadings or the undisputed proof, to recover a larger amount, the court was without authority to render judgment for a larger sum than that fixed by the verdict."

Accordingly, the judgment is affirmed.