BOCKMAN *v.* WORLD INSURANCE COMPANY AND MUTUAL BENEFIT HEALTH & ACCIDENT INS. CO.

5-250                                      263 S. W. 2d 486

Opinion delivered January 11, 1954.

878

*Cracraft & Cracraft,* for appellant.

*Gannaway & Gannaway, Peter A. Deisch* and *Burke, Moore & Burke,* for appellee.

J. SEABORN HOLT, J. Appellant filed two separate suits against appellees, insurance companies, to recover alleged disability claims under the terms of two insurance policies. The cases were consolidated for trial. Trial to a jury resulted in a verdict for appellees, insurance companies, and from the judgment is this appeal.

The record reflects that appellant filed motion for a new trial, alleging the following grounds, relied upon here: "2. The verdict is contrary to the evidence. 3. The verdict is contrary to the law and the evidence."

The trial court denied appellant's motion, using the following language: "The court rules in respect to specification of error Number Two and Three therein set forth that it is the rule of this court not to place his judgment above the judgment of the jury as to where the preponderance of the evidence lies, but as a motion for new trial views the matter only to determine whether there is any substantial evidence to support the verdict."

Appellant stoutly contends that the above action of the trial court was an arbitrary abuse of its power and

the duties of the court under the law, and says: ''The error of the trial court in this case was that though the challenge as to the sufficiency of the evidence was addressed to his sound discretion, he exercised no discretion. He considered nothing. He applied a rule of thumb adopted by him for application in all cases in his court NOT to consider any circumstances or even where the preponderance lay. He stated his rule to be that regardless of whether he was convinced that the jury's verdict was correct, he would in no case correct it. There was no necessity for the trial court to say anything, if he had felt that the verdict was in accord with the preponderance.''

We have many times held that the trial court not only possesses the power, but that it is the court's duty, to determine where the preponderance of the testimony lies and if it finds that the jury's verdict is against the preponderance of the testimony to set the verdict aside. Obviously, the court, hearing the testimony and observing the witnesses, is in a much better position to judge where the preponderance lies than we could possibly be. Our duty, when the case reaches this court, is limited to a determination whether there is any substantial evidence to support the jury's verdict. We are not concerned with the preponderance. That duty rests with the trial court, as indicated.

''It has long been the established rule that the trial court not only has the power, but that it is its duty, to set aside a jury's verdict and grant a motion for a new trial if it concludes that the verdict is against the clear preponderance of the evidence.'' *Hall* v. *W. E. Cox & Sons,* 202 Ark. 909, 154 S. W. 2d 19.

''We cannot approve the doctrine that it is an invasion of province of the jury for the trial court to set aside a verdict which it finds to be against the preponderance of the evidence. On the contrary if it fails to do so, it surrenders its own province, ignores its duty, and by so doing destroys the integrity of the best system that thus far has been devised in this country for the administra-

tion of justice. . . . This court has said in several cases that, 'It is the duty of the trial court to set aside a verdict which is clearly against the weight of the evidence,' " *Twist* v. *Mullinix,* 126 Ark. 427, 190 S. W. 851.

We again stated the rule in *Presley* v. *Schenebeck,* 194 Ark. 1069, 110 S. W. 2d 5: "Appellant first contends that the trial court should have granted his motion for a new trial on the ground, as we understand appellant's contention, that the great preponderance of the evidence was in appellant's favor, and the case of *Blackwood* v. *Eads,* 98 Ark. 304, 135 S. W. 922, is cited to sustain the contention. It was there said: 'Trial courts have large discretion in the matter of granting new trials, especially upon the weight of the evidence, and this court will not interfere with such discretion unless it be made to appear that it was improvidently exercised. "Improvidently exercised," as used above, means thoughtlessly exercised or without due consideration. Webster, New Int. Dict.: "Improvidently." ' It has been frequently held by this court and was again stated in the case cited, that where there is a decided conflict in the evidence, it is the duty of the trial court to determine where the preponderance lies when passing on a motion for a new trial, and that this court will not reverse its action in failing to grant a new trial, although we may differ with it on the question where the preponderance lies."

From the trial court's language in the present case, it appears obvious that it has not fully performed the duty required of it under our well-established rules. We interpret the court's words to mean that it was not ruling on where the preponderance of the evidence lay, but only that there was substantial evidence to support the verdict.

In these circumstances, since we have "a general superintending control over all inferior courts of law and equity; and, in aid of its appellate and supervisory jurisdiction, it shall have power to issue writs of error and supersedes, certiorari, *habeas corpus,* prohibition, mandamus and *quo warranto,* and other remedial writs, and to hear and determine the same," (Constitution of the

State of Arkansas, Article VII, § 4), we remand this case to permit the court to rule on the motion in accordance with this opinion, which on certification will become part of the record here.

ROBINSON, J., dissenting. As pointed out by the majority, the trial court must exercise discretion in granting or overruling a motion for a new trial which alleges the verdict is contrary to the preponderance of the evidence, and where it is shown as in the case at bar that the trial court has failed to exercise such discretion, the cause should be reversed; but my opinion is that in the circumstances of this case the cause should be reversed and remanded for a new trial rather than sent back for any other purpose.

The judgment was entered on April 30, 1953; motion for new trial was filed May 7 and amended May 13. The court ruled on the motion May 28. Before the court will again consider the motion in all probability almost a year will have expired from the date of trial; in the meantime the trial court has had a large number of cases under consideration and it will be difficult to recall all those things which should be considered in determining where lies the preponderance of the evidence.

Therefore in my opinion the cause should be reversed and remanded rather than sent back for the court to show at this late date that discretion has been exercised in passing on the motion.

Mr. Justice GEORGE ROSE SMITH joins in this dissent.