Dr. James M. FOWLER *v.* CENTRAL
FLYING SERVICE, INC.

CA 79-194                                594 S.W. 2d 580

Court of Appeals of Arkansas
Opinion delivered February 13, 1980
Released for publication March 5, 1980

*Rose, Nash, Williamson, Carroll, Clay & Giroir, P.A.,* by: *Webster Hubbell* and *Kenneth Shemin,* for appellant.

*Wallace, Hilburn, Clayton, May & Calhoun, Ltd.,* by: *Larry C. Wallace* and *Charles E. Smith,* for appellee.

ERNIE E. WRIGHT, Chief Judge. Appellee, Central Flying Service, Inc., brought action against appellant, Dr. Fowler, upon an account for services, repairs, fuel, hangar rent, pilot training and other items, and a directed verdict was rendered in favor of appellee against the appellant for $15,170.69 at the close of the evidence. The judgment entered pursuant to that verdict is not in issue on appeal.

The appellant Fowler filed an answer, setoff and counterclaim against appellee seeking damages allegedly sustained to his aircraft while hangared in appellee's facilities and damages allegedly sustained in the loss of use of the aircraft. At the close of the evidence the appellant moved for a directed verdict which was denied. The jury rendered a verdict in favor of Dr. Fowler on the counterclaim in the amount of $15,000.00. Appellee filed a motion for judgment notwithstanding the verdict or in the alternative a motion for a new trial on grounds the appellant failed to prove damages

and the verdict was against the weight of the evidence. After considering the motion, response thereto and briefs by respective counsel, the court issued a memorandum opinion holding there was not substantial evidence to support the verdict in favor of appellant under the counterclaim and granting the motion for new trial unless appellant entered a remittitur within ten days reducing the amount of judgment to be entered to $1571.90. Appellant declined to enter the remittitur and brings this appeal from the judgment of the court granting a new trial.

For reversal appellant contends the trial court erred in granting the motion of Central Flying Service for a judgment notwithstanding the verdict.

Since the court did not enter judgment for appellee by dismissing the counterclaim, but only set aside the verdict and granted a new trial, the real issue on appeal is whether the jury verdict was supported by a clear preponderance of the evidence instead of whether the verdict was supported by substantial evidence. In ordering a new trial, the court found there was no substantial evidence to support the verdict on the counterclaim. This would be the test before a judgment could properly be entered dismissing the counterclaim, but the court had the power to grant a new trial upon a finding the verdict was contrary to a clear preponderance of the evidence. The trial court has large discretion in granting a new trial on the weight of the evidence, and this discretion will not be disturbed on appeal unless it is improvidently exercised. *Brockman* v. *World Insurance Company and Mutual Benefit Health and Accident Ins. Co.,* 222 Ark. 877, 263 S.W. 2d 486 (1954).

In *Hall* v. *W.E. Cox and Sons,* 202 Ark. 909, 154 S.W. 2d 19 (1941), the court said:

It has long been the established rule that the trial court not only has the power, but it is his duty, to set aside a jury's verdict and grant a motion for a new trial if he concludes that the verdict is against the clear preponderance of the evidence. — This court will not reverse the ruling of the lower court in setting aside a

verdict where there is substantial conflict in the evidence upon which the verdict was rendered, but will leave the trial court to determine the question of preponderance.

In *Stanley* v. *Calico Rock Inc. and Electric Co.,* 212 Ark. 385, 205 S.W. 2d 841, the appellant obtained a jury verdict for damages against the appellee. Appellee filed a motion for a judgment notwithstanding the verdict. The trial court treated the motion as a motion for new trial and granted a new trial. The plaintiff appealed from that order. The court said, "The effect of the motion filed by appellee is to allege the insufficiency of the evidence to sustain the verdict, we must affirm the action of the trial court, if it can be supported on this ground." The court went on to state that where the trial court has found the verdict of the jury is against the preponderance of the evidence and has sustained the motion for a new trial the rule governing on review is the "Court will not reverse a decision of the trial court granting a new trial on the weight of the evidence unless it appears that there has been an abuse of discretion in setting aside the verdict which is sustained by the clear preponderance of the evidence. — It is the duty of the trial court to set aside a verdict that it believes to be against the clear preponderance of the evidence."

We have carefully reviewed the evidence to determine whether the jury verdict was contrary to a clear preponderance of the evidence on the damage award, and we find that it was.

The only substantial evidence of damages sustained to Dr. Fowler's plane in a two year period while based at Central Flying was damage to the nosecone on four separate occasions, and damage to the nosewheel caused by using the wrong towing bar in moving the plane. In addition there was evidence of faulty work in the installation of a Lycoming conversion kit Central Flying installed on the engines to cure an oil leak problem common to the engines on this particular aircraft. The cost of the conversion kit, including installation, was borne by the manufacturer.

Central Flying repaired the nosecone in each of the four instances it was damaged, and in two instances, including the

last damage in October, 1977, the nosecone was replaced with a new cone.

Dr. Fowler was dissatisfied and in December 1977 took his plane to United Beachcraft in Wichita for annual inspection. He gave directions for a new nosecone to be installed, the oil leaks and nose gear to be repaired and in addition numerous other items for which there is no substantial evidence Central Flying was in any way responsible.

United Beachcraft installed a new nosecone to Dr. Fowler's satisfaction, reworked the installation of the Lycoming conversion kit for curing oil leaks and repaired the nosewheel that had apparently sustained some damage from use of an improper tow bar. The aggregate cost of these repairs was $1696.00. There is substantial evidence that Central Flying should be held responsible for these items. Dr. Fowler arranged for United Beachcraft to provide other services and repairs, but there is no substantial evidence the other repairs were made necessary by the actions or negligence of Central Flying. The aggregate of the bills for service and repairs provided by United was $3925.59, including the $1696.00 in bills above mentioned.

The evidence is quite clear Central Flying caused no structural damage to the aircraft, and the preponderance of the evidence is that such minor damages to the aircraft as were caused by Central Flying would not reduce the value of the plane after the damage was repaired.

The evidence shows the nosecone is made of fiberglass, that it serves to streamline and beautify the plane, that it is not a structural part of the plane, is easily damaged and a new one costs about $165.00 plus the installation labor. The evidence also shows that damage frequently occurs in hangars to the nosecone of this type plane.

The evidence indicated the greatest damage to the plane was hail damage not associated in any way with Central Flying.

The trial court did not abuse its discretion in granting a

new trial in view of the fact the size of the jury verdict was clearly against the preponderance of the evidence.

Affirmed.

HAYS, J., not participating.