McDonnell *v.* St. Louis Southwestern Railway Company.

Opinion delivered March 20, 1911.

New trial—weight of evidence—discretion of trial court.—Where there is a substantial conflict in the evidence upon which a verdict was rendered, the Supreme Court will not review the action of the trial court in granting a new trial because the verdict was against the weight of evidence.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellants sued appellee for damages in the killing of a mule belonging to appellant Bene, and on which appellant McDonnell held a mortgage. The testimony on behalf of appellants tended to prove that the mule of appellant Bene was found lying close to appellant's railroad, badly injured, and showing evidences of having been struck by appellant's train. There were mule tracks in and about the railroad bed as if a mule had been grazing there. There were tracks that indicated that the mule had come upon the track and had run a distance of 150 yards on the railroad and then that it had been thrown to one side. There was blood and hair on the ties between the rails of a switch near the main track. The mule was lying on the left side of the track going south to the east of the road bed. The railroad was north and south at that point. The tracks indicated that the mule had been running at a good speed, before it stopped at the point where it appeared that the mule was thrown from the track. The mule was a white or gray mule and was shown to have a value of $200. The evidence on behalf of appellee tended to prove that the train that killed appellant's mule was running at the time about 30 miles an hour, the speed limit for the through freight. The engineer testified: Couldn't do anything but hit him. That the mule came running from this tool house, right on the track. That he didn't have any show to do anything. That he only had 45 or 50 feet when he first saw him coming on the track. That he did not see the mule before he reached the seed house. That he couldn't have seen him if he had been on the south side of the house. That the witness was going south, and that the mule was on the south side of the tool house. That he could not, at the

rate of speed he was running, do anything because the mule jumped from that tool house right on the track, and that he could not have stopped the train. That he was keeping a lookout. That his fireman was putting in a fire at that time. That he holloed to him and told him that he had struck a mule. That he is required under the rules to make a report to the superior officer about hitting stock. That he did make a report at Pine Bluff on his arrival there of that case. That the injury occurred about 5 o'clock on the 30th of August. That it was daylight; that he could have seen anything down the track. That his headlight was kept burning until sunup. That his headlight was in good condition, an electric headlight. The track along there was a straight track. He was looking down the track all the while for the distance of a mile. He could have seen the mule that distance. The tool house was fourteen or fifteen feet from the track, and was a shed 12 x 14 feet. There was a verdict in favor of appellants for $213.00. A motion for new trial was sustained by the court on the ground that the verdict was not supported by the evidence. The appellants appealed, stipulating for judgment absolute in favor of appellee if the Supreme Court should affirm the judgment of the lower court in setting aside the verdict.

*Crawford & Hooker,* for appellant.

It is reversible error for the trial court to take from the jury consideration of a case where there is any evidence to support an issue. 63 Ark. 94; 77 Ark. 556; 70 Ark. 74; 71 Ark. 305; *Id.* 446; 73 Ark. 561; 91 Ark. 337. Only in cases where the evidence is uncontradicted, or is of itself insufficient to sustain a verdict for the plaintiff, will the trial court be justified in directing a verdict for the defendant. 76 Ark. 520. The theory upon which courts set aside verdicts of juries is want of evidence to support them, and not the lack of preponderance. In this case the only issue was the negligence of the appellee, the burden being upon it to remove the presumption of negligence cast upon it by statute; and the action of the court in setting aside the verdict was an invasion of the right of the jury to weigh the evidence and to accept or reject the testimony of witnesses on a disputed point. Kirby's Dig. § 6607; 42 Ark. 122; 39 Ark. 413; 36 Ark. 87; 54 Ark. 214; 57 Ark. 137; 80 Ark. 415.

*S. H. West* and *Bridges, Wooldridge & Gantt,* for appellee.

The trial court, having the same opportunity as the jury to observe what passes at the trial and to form a just estimate of the credibility of the witnesses, is not only authorized, but it is its duty, to set aside the verdict when, in its judgment, the verdict is contrary to the weight of the evidence, and substantial justice has not been done between the parties. 29 Cyc. 831; 2 Am. & Eng. Ann. Cas. 762, note; 17 Kan. 172; 58 Mo. 421; 39 Cal. 565; 49 Kan. 1, 30 Pac. 109; 81 Ia. 99, 46 N. W. 862; 37 Wash. 537; 47 Ark. 567; 41 S. W. 215; 34 Ark. 632, 637; Kirby's Dig., § 6215; 65 Ark. 278, 285. The testimony of the engineer, the only eye witness to the accident, being consistent, reasonable and uncontradicted, overcame the *prima facie* case of negligence made by proof of the killing of the animal, and could not arbitrarily be disregarded. 78 Ark. 234; 67 Ark. 514; 89 Ark. 120; 80 Ark. 396.

Wood, J., (after sating the facts). It is reversible error for the trial court to direct a verdict for one party where there is any substantial evidence to warrant a verdict for the other party. The trial court can not take from the jury its prerogative to determine disputed questions of fact. *St. Louis, I. M. & S. Ry. Co.* v. *Petty,* 63 Ark. 94; *Wallis* v. *St. Louis, I. M. & S. Ry. Co.,* 77 Ark. 556; *State* v. *Caldwell,* 70 Ark. 74; *Hutchinson* v. *Gorman,* 71 Ark. 305; *LaFayette* v. *Merchants' Bank,* 73 Ark. 561; *Neal* v. *St. Louis, I. M. & S. Ry. Co.,* 71 Ark. 446; *Crawford* v. *Sawyer & Austin Lbr. Co.,* 91 Ark. 337.

But that is a different question from the one under consideration. It is not invading the province of the jury for the trial judge to set aside its verdict where there is a conflict in the evidence. On the contrary, it is the duty of the trial court to set aside a verdict that it believes to be against the clear preponderance of the evidence. But it should not, and the presumption is that it will not, set aside a verdict unless it is against the preponderance of evidence. This court will not reverse the ruling of the lower court in setting aside a verdict where there is substantial conflict in the evidence upon which the verdict was rendered, but will leave the trial court to determine the question of preponderance. *Taylor* v. *Grant Lumber Co.,* 94 Ark. 566; *Blackwood* v. *Eads, ante* p. 304.

There was a conflict in the evidence in the present case, and the above cases rule this. The judgment of the circuit court setting aside the verdict is affirmed, and judgment absolute is rendered here in favor of appellee dismissing the cause and for costs.