McIlroy *v.* Arkansas Valley Trust Company.

Opinion delivered November 6, 1911.

1. Appeal and error—review of order granting new trial—The Supreme Court will not reverse a decision of the trial court granting a new trial on the weight of the evidence unless it appears that the trial court abused its discretion by setting aside a verdict which is sustained by a clear preponderance of the testimony. (Page 599.)

2. Same—harmless error.—Where the trial court acted within the discretion vested in that court in granting a new trial upon the weight of the testimony in a case where there was conflicting evidence, such ruling will not be reversed on appeal because the trial judge erroneously stated at the time that there was not evidence legally sufficient to sustain the verdict. (Page 599.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*Miles, Pryor & Miles*, for appellant.

The principles of law announced upon a former appeal of a case are binding and stand as the law of the case on a second trial; and, upon a second appeal, if the testimony is substantially the same as at the first trial, the former decision upon all questions of law involved in the case must be followed. 92 Ark. 557, 558. That is this case. There is no substantial change in the evidence on the second trial from that adduced at the first trial, with this difference, however, that appellant's case has been materially strengthened by additional evidence, and that on the issue which this court on former appeal held should be submitted to the jury under proper instructions.

The trial court can not take away from the jury its prerogative to determine disputed questions of fact, and it will be reversed for directing a verdict in favor of one party where there is any substantial evidence to support a verdict in favor of the other.

An order granting a new trial will be reversed where it was granted through a misapprehension of the law. 87 Cal. 425. It will be reversed, also, where granted on a ground that was not discretionary. 63 Ia. 345.

*Read & McDonough*, for appellees.

The propositions contended for by appellant that there was sufficient evidence to support the verdict, and that it was reversible error for the trial court to direct a verdict for one party where there was substantial evidence to warrant a verdict for the other party, are not involved here.

If there was a substantial conflict in the evidence upon any material point (and there was such conflict upon every material point), the trial court had the right to determine the question of preponderance, and this court will not reverse its ruling. 98 Ark. 334; 98 Ark. 304; 94 Ark. 566; 92 Mo. 265; 52 Mo. App. 342; 41 S. W. 454, 458; 118 Mo. 463; 97 Pac. 52; 112 Pac. 311; 104 Pac. 1014; 64 S. E. 435; 126 S. W. 1030 *Id.* 966; 110 Pac. 89; 133 S. W. 110; 115 Pac. 175; 128 N. W. 132; 114 Pac. 778.

It is evident that the trial court believed that the preponderance of the evidence was in favor of the defendants, and so found. If such was the case, the motion could have been

sustained upon either of the grounds mentioned by the court, and the order would not be reversed unless it should appear that the trial court abused its discretion. 104 Cal. 81 and cases cited; 94 N. W. 765; 57 Pac. 634; 17 Kan. 173; 29 Cyc. 818, 819; 16 S. C. 14; 47 S. E. 978, 68 S. C. 523.

McCulloch, C. J. This is the second appeal in this case, the court having formerly reversed a judgment in favor of the plaintiff on account of erroneous instructions given. The facts are fully stated in the former opinion. *Arkansas Valley Trust Co.* v. *McIlroy,* 97 Ark. 160. In remanding the case the court made this statement as to the issues upon which the case should go to the jury in the next trial:

"There was testimony adduced on the part of plaintiff tending to prove that Berg, when he left the place of the fire, requested or directed plaintiff to watch and guard it, which she did; and that, while so guarding the fire, her clothes were ignited. Under such circusmtances it then became a question of fact for the jury to determine, after taking into consideration her age, intelligence and capacity, as to whether or not she was guilty of contributory negligence. If she was not guilty of contributory negligence, then defendants were liable if Berg directed her to watch and guard the fire without giving her proper warning of the danger therefron, and she was injured thereby."

The plaintiff amended the complaint in order to bring it within the terms of this statement of the law by setting forth an allegation that Berg "negligently requested or directed plaintiff to watch and guard it (the fire) without instructing the plaintiff as to its dangerous character, which she did, and that while so guarding the fire her clothes became ignited, etc."

The case was tried before a jury upon conflicting testimony as to this issue, and resulted in another verdict in favor of the plaintiff. The defendant filed a motion for new trial, setting up numerous grounds therefor, among others, "First, that the verdict is contrary to law; and, second, that the evidence is not sufficient to support the verdict." The court granted a new trial on the grounds above mentioned. The bill of exceptions further recites that "the court, in passing upon the motion for a new trial, stated that, upon a new trial being had, if the evidence was the same as had been adduced in this trial, he

would instruct the jury to return a verdict for the defendants."
Plaintiff thereupon prayed an appeal to the Supreme Court
from the order granting a new trial, and caused to be entered
of record an agreement and consent, as provided by statute,
that "if the Supreme Court shall determine that no error was
committed in granting a new trial they shall render a judgment
absolute upon the right of the appellant."

The court has in recent cases held that it is the duty of
the trial court to set aside a verdict which is found to be against
the clear preponderance of the evidence, and the rule is stated
to be that "where there is decided conflict in the evidence
this court will leave the question of determining the preponder-
ance with the trial court, and will not disturb the ruling in either
sustaining a motion for a new trial or overruling same." *Tay-
lor* v. *Grant Lumber Co.*, 94 Ark. 566; *Blackwood* v. *Eads*,
98 Ark. 304; *McDonnell* v. *St. Louis S. W. Ry. Co.*, 98
Ark. 334. The rule is, stating it in other words, that this
court will not reverse a decision of the trial court granting a
new trial on the weight of the evidence unless it appears that
there has been an abuse of the discretion in setting aside a ver-
dict, which is sustained by a clear preponderance of the evi-
dence. In the present case there was a decided conflict in the
testimony, and we can not say that the trial court erred in its
conclusion that the verdict was against the preponderance of
the evidence or abused its discretion in setting it aside. The
turning point in the case was, whether or not Berg requested
the plaintiff to watch and guard the fire without giving her
warning of the danger. This issue depended largely upon the
testimony of the plaintiff and of Berg, which was flatly con-
tradictory, and there was other testimony adduced on both sides
contradicting their respective statements, and it is difficult
to determine where the preponderance of the testimony lies,
and we certainly are unable to say that the conclusion of the
trial judge is against the preponderance.

It is insisted, however, that the statement made by the
trial judge at the time he granted the new trial establishes the
fact that he did so upon the ground that the evidence was not
legally sufficient to sustain the verdict, and that, as there was
some evidence of a substantial nature in support of the verdict,
the judgment should be reversed because the court erroneously

declared that there was no evidence. The only statutory grounds for granting a new trial concerning the weight of the evidence is that "the verdict or decision is not sustained by sufficient evidence." Kirby's Digest, § 6215, subdivision 6. This was the ground upon which the court granted the new trial, and, as above stated, we can not say that error was committed in so doing. The fact that the trial judge went too far in declaring his view that there was not legally sufficient evidence to sustain the verdict, and that he would on a subsequent trial direct a verdict in favor of the defendant, does not render his decision in granting a new trial erroneous, for his finding that there was no evidence to sustain the verdict necessarily embraced a finding that the verdict was against the preponderance of the evidence, and therefore was not sustained by sufficient evidence. Nor does it constitute reversible error that the court in granting a new trial declared his purpose of giving a peremptory instruction at the next trial if the evidence adduced was the same. The court was called upon to make a ruling either granting or overruling a motion for a new trial. The declaration as to what his future purpose was with reference to a new trial was immaterial, as that conclusion was not final until the purpose was carried out in a ruling when the new trial occurred. We are of the opinion, therefore, that no reversible error was committed by the trial judge in granting a new trial, so judgment absolute will be entered here against the plaintiff in accordance with the statute.

WOOD and HART, JJ., dissent.