CLEMENTS *v.* KNIGHT & CO.

Opinion delivered October 23, 1916.

1. APPEAL AND ERROR—OBJECTION TO ORDER SETTING ASIDE VERDICT AND GRANTING A NEW TRIAL.—Where the trial court set aside the verdict, and granted a new trial, the appellant's objection and exception to the court's action is tantamount to an appeal from the order of the trial court.

2. APPEAL AND ERROR—PREPONDERANCE OF THE EVIDENCE—DETERMINATION BY TRIAL COURT.—Where there is a substantial or decided conflict in the evidence, the action of the trial court in determining the preponderance thereof, will not be disturbed on appeal.

3. APPEAL AND ERROR—GRANTING NEW TRIAL—ACTION OF TRIAL JUDGE. Where the evidence was conflicting and the trial court concluded that the verdict of the jury was not sustained by a clear preponderance of the evidence, the action of the trial court in granting a new trial will not be disturbed on appeal.

Appeal from Cross Circuit Court; *W. J. Driver*, Judge; affirmed.

STATEMENT BY THE COURT.

Appellee (a corporation) instituted this suit against the appellant and M. M. Jennings and J. M. Turnage. They alleged that the appellant executed his promissory note, dated January 18, 1913, to his co-defendants, agreeing to pay them the sum of $2,064.12, with interest at six per cent. from date until paid, and that the payees, for value received, endorsed and delivered the note to the appellee.    It alleged that the sum of $1,342.10 remained due and unpaid on said note, for which it prayed judgment.

The appellant, Clements, answered and admitted the execution of the note sued on and the credit, but denied that the note was endorsed and delivered by the payees for value to appellee. He alleged that appellant executed and delivered to the payees a deed of trust on certain real estate in Tennessee to secure the payment of the note, which real estate was later sold under the power contained in the deed of trust and the note was paid in full from the proceeds of said sale.

The cause was dismissed as to the payees Jennings and Turnage. The appellant filed a motion for a continuance, in which he set up that Jennings and Turnage were material witnesses in his behalf, and that if present they would testify that the property (mentioned in his answer as included in the deed of trust) was sold to satisfy said trust deed, and that the proceeds from such sale were sufficient to pay said note. Appellee admitted that the absent witnesses, if present, would testify as set up in the motion. The court thereupon overruled the motion, and the cause proceeded to trial before a jury.

W. T. Walker testified on behalf of the appellee that he was secretary and treasurer of the appellee corporation; that in 1913 Jennings and Turnage, merchants at Millington, Tennessee, doing business under the name of Turnage Supply Company, owed appellee seven or eight thousand dollars; that Turnage and Jennings, the payees in the note, before its maturity, endorsed the note to the appellee and secured credit on account for the face value of the note; that the deed of trust executed by the appellant to secure the note was foreclosed November 23, 1914, and that the property brought $3,300.00, and the amount, after paying expenses incident to the foreclosure, was credited on the note, leaving the sum of $1,217.61, including interest, all of which was past due and no part of which had been paid.

The appellant then introduced as evidence the testimony as set up in the motion for a continuance.

J. O. Hillis testified in rebuttal that he was the attorney for appellee. He went to Wynne and conferred with the appellant for the purpose of trying to adjust the account between the appellant and the appellee without suit. He asked appellant if there was anything wrong with the claim; if he had any set-off or counterclaim of any kind; that appellant said that he owed the debt and had no objection to the account, but did not have the money to pay it and wanted time, which appellee granted. Again witness had consulted the appellant on two other occasions and appellant never disputed the account or the amount that appellee claimed to be due. Appellant never suggested in any way that the property at Millington, embraced in the deed of trust which was foreclosed, brought an amount sufficient to pay the note, and never intimated that he ever thought that the note was paid.

On cross-examination the witness stated that he first saw appellant in the summer of 1914 in the office of J. C. Brookfield, in Wynne; that appellant had never paid anything on the amount claimed to be due. Witness went over the whole matter with appellant and he knew exactly what was claimed on the note. Witness knew that one Mr. Harrow bought the property at Millington for $3,300.00, because witness saw the check and examined the books of the appellee. He was the attorney for the appellee only in the present case; had no connection with the appellee's office.

Witness Brookfield testified on behalf of the appellant that the appellant came into his office on the first of January, 1915; that he did not know him until that time.

The jury returned a verdict in favor of the appellant. The court set aside the verdict. The appellant moved also for a new trial. The court overruled the motion, continued the cause and set the same for trial on the first day of the next term of court. The appellant excepted to the court's order overruling its motion for a new trial, and prosecutes this appeal.

*J. C. Brookfield,* for appellant.

The testimony of the absent witnesses, which was admitted by appellee, was positive to the effect that the property *sold for enough to pay the debt.* If in its discretion appellee admitted this testimony without having sufficient testimony to overcome it, we think the court, in the light of the statute, was not authorized to set the verdict aside. Kirby's Dig., § 6215, sub-div. 6th.

Where there is any substantial evidence to support the jury's finding it will not be disturbed. 98 Ark. 334; 100 Ark. 71; 71 Ark. 445; 36 Ark. 451; 63 Ark. 94; 76 Ark. 603; 98 Ark. 160; *Ib.* 370; 104 Ark. 267; 77 Ark. 556; 35 Ark. 146; 103 Ark. 401; 22 Ark. 445; 23 Ark. 115.

*J. O. Hillis* and *L. C. Going,* for appellee.

1. An order by the trial court granting a new trial is not appealable unless the appellant in his notice of appeal, which is the *prayer for appeal,* in accordance with the statute, assents that if the order be affirmed, judgment absolute shall be rendered against him. 82 Ark. 490; 83 Ark. 631; 94 Ark. 566; 101 Ark. 90; 49 Ark. Law Rep. 89. Such a stipulation, subsequently filed, comes too late.

2. There was no abuse of discretion in granting the new trial. There was such a conflict in the evidence as called for the exercise of the trial court's discretion in determining the preponderance. 94 Ark. 566; 98 Ark. 304; 100 Ark. 596; 10 Ark. 136; 11 Ark. 630; 14 Ark. 203.

WOOD, J. (after stating the facts).

(1) The appellant's objection and exception was tantamount to an appeal from the order of the court setting aside the verdict and granting the appellee a new trial·

The court did not abuse its discretion in granting the appellee a new trial. There was a decided conflict in the evidence as to whether or not the note had been paid.

Witnesses on behalf of the appellant testified that the property included in the deed of trust given to secure the note in suit was sold for an amount sufficient to pay the note in full, but, on the other hand, a witness for the appellee testfied that, although the property was sold, it did not bring a sufficient amount to pay the note.

The court doubtless concluded that the testimony on behalf of the appellee was of greater weight than the testimony on behalf of appellant and that the verdict of the jury was therefore contrary to the preponderance of the evidence.

(2) In several recent cases we have held that, "Where there is substantial or decided conflict in the evidence this court will leave the question of determining the preponderance of the evidence to the trial court and will not disturb or overrule the same." *Taylor* v. *Grant Lumber Co.*, 94 Ark. 566; *Blackwood* v. *Eads*, 98 Ark. 304; *McDonnell* v. *St. L. S. W. Ry. Co.*, 98 Ark. 334; *McIlroy* v. *Ark. Valley Trust Co.*, 100 Ark. 596-599.

(3) The trial court was justified in concluding that the verdict of the jury was not sustained by a clear preponderance of the evidence. Hence, it cannot be said that the trial court thoughtlessly and without due consideration set the verdict aside.

The judgment of the circuit court is therefore affirmed, and judgment will be entered here in favor of the appellee in the sum of $1,342.10, with interest at 6 per cent. from the 18th day of January, 1913.