HALL *v.* W. E. COX & SONS.

4-6433                                        154 S. W. 2d 19

Opinion delivered July 14, 1941.

*Glover & Glover,* for appellant.

HOLT, J.   Appellant, J. B. Hall, sued appellees, a partnership, to compensate personal injuries growing out of a collision between an automobile in which appellant was riding, driven by appellant's son, and a Chevrolet truck driven by an employee of appellees.  The negligent acts of appellees alleged in the complaint were that on September 11, 1939, appellant accompanied by his son, Kenneth Hall, his wife and two others, in a Chevrolet coach traveling west on paved highway No. 67 · at a speed of 35 or 40 miles per hour, about ten miles from the city of Hope, Arkansas, came up behind a truck driven by appellees' employee, Floyd Green, driving in the same direction; that when they had reached a point about "30 feet" to the rear of the truck, the driver of the truck negligently and without any signal or warning suddenly stopped the truck in the middle of the highway and as a result appellant "was unable to stop his car or pass the truck on the left-hand side of the high-

way and as a result the cars collided and caused plaintiff's injuries."

Appellees answered with a general denial and pleaded contributory negligence of appellant.

Upon a jury trial there was a verdict in favor of appellant, signed by nine members of the jury panel, in the amount of $750. On the same day this verdict was rendered, appellees filed motion for a new trial and among the grounds alleged in said motion were that the verdict of the jury was contrary to the evidence, contrary to the law, and that errors were committed in giving, and in refusing, certain instructions, and that the verdict was excessive.

Upon a hearing the trial court granted appellees' motion for a new trial and set aside the judgment, assigning no specific ground or grounds therefor, and this appeal is from that order, appellant having stipulated that if the judgment granting the new trial be affirmed judgment absolute may be rendered in this court under § 2735 of Pope's Digest. Appellees have not favored us with a brief.

Appellant earnestly urges here that the cause was submitted to the jury under proper instructions, on conflicting testimony, and that the jury having decided the issues of fact in appellant's favor, the trial court erred in setting the judgment aside and granting a new trial. We cannot agree with this contention.

It has long been the established rule that the trial court not only has the power, but that it is his duty, to set aside a jury's verdict and grant a motion for a new trial if he concludes that the verdict is against the clear preponderance of the evidence.

In *McDonnell v. St. Louis S. W. Ry. Co.*, 98 Ark. 334, 135 S. W. 925, this court said: "It is reversible error for the trial court to direct a verdict for one party where there is any substantial evidence to warrant a verdict for the other party. The trial court cannot take from the jury its prerogative to determine disputed questions of fact (citing cases). . . .

"It is not invading the province of the jury for the trial judge to set aside its verdict where there is a con-

flict in the evidence. On the contrary, it is the duty of the trial court to set aside a verdict that it believes to be against the clear preponderance of the evidence. But it should not, and the presumption is that it will not, set aside a verdict unless it is against the preponderance of evidence. This court will not reverse the ruling of the lower court in setting aside a verdict where there is substantial conflict in the evidence upon which the verdict was rendered, but will leave the trial court to determine the question of preponderance. *Taylor* v. *Grant Lumber Co.,* 94 Ark. 566, 127 S. W. 962; *Blackwood* v. *Eads,* 98 Ark. 304, 135 S. W. 922.''

And in *Twist* v. *Mullinix,* 126 Ark. 427, 190 S. W. 851, one of our leading cases on the subject, this court said: ''After the jury has concluded its deliberations and returned its verdict, if there is a motion for a new trial setting up that the verdict is not sustained by sufficient evidence, or that it is contrary to law, or both, it is then the province of the trial court to review the verdict and to determine whether or not the jury has correctly applied the law as contained in the court's instructions, and whether or not the verdict is responsive to the preponderance of the evidence. . . .

''Where there is a decided conflict in the evidence this court will leave the question of determining the preponderance with the trial court, and will not disturb his ruling in either sustaining a motion for a new trial or overruling same. . . .

''The witnesses give their testimony under the eye and within the hearing of the trial judge. His opportunities for passing upon the weight of the evidence are far superior to those of this court. Therefore, his judgment in ordering a new trial will not be interfered with unless his discretion has been manifestly abused. See, also, *McDonnell* v. *St. L., S. W. Ry. Co.,* 98 Ark. 334, 135 S. W. 925; *McIlroy* v. *Arkansas Valley Trust Co.,* 100 Ark. 596, 141 S. W. 196.

''The only tribunal, under our judicial system, vested with the power to determine whether or not a verdict is against the preponderance of the evidence is the trial court. Where there is a conflict in the evidence and the

trial court finds that the verdict, upon a material issue of fact, is against the preponderance of the evidence, the logical and necessary result of such finding as matter of law is that the verdict must be set aside; otherwise, it would be impossible to correct the error.''

And in *Wilhelm* v. *Collison,* 133 Ark. 166, 202 S. W. 28, this court again said: ''We are not called upon to pass upon the legal sufficiency of this testimony to support a verdict based upon it, because the court below granted a new trial pursuant to the prayer of a motion therefor, which assigned as a ground therefor that the verdict of the jury was contrary to the preponderance of the evidence. We have many times said that the trial court should grant the motion for a new trial when convinced that the verdict of the jury was clearly against the preponderance of the evidence. *Mueller* v. *Coffman,* 132 Ark. 45, 200 S. W. 136; *Twist* v. *Mullinix,* 126 Ark. 427, 190 S. W. 851. And when the trial court reaches that conclusion and takes that action we have announced as a rule governing us in our review of that action that 'this court will not reverse a decision of the trial court granting a new trial on the weight of the evidence unless it appears that there has been an abuse of the discretion in setting aside the verdict which is sustained by the clear preponderance of the evidence.' *McIlroy* v. *Arkansas Valley Trust Co.,* 100 Ark. 599, 141 S. W. 196.''

While it is our view that the cause was submitted under proper instructions, the evidence upon which the verdict was based was in sharp conflict. The evidence on the part of appellant is that he was on a trip with his family from Shelbyville, Kentucky, to Tuscon, Arizona. On the first day of the journey the car being driven by his son, after driving approximately 13 hours and covering 580 miles, they reached Little Rock at about six p. m. and left the next morning at four o'clock. The collision occurred about seven-thirty. They were driving along paved highway No. 67 at a speed between 35 and 40 miles per hour. Visibility in either direction was clear for a mile or more. Brakes and tires on the car were good. Appellant was about 30 yards behind the truck when the

truck stopped. Appellant's son, who was driving the car, testified:

"I have not figured how long a distance it would take to stop. I think it would take around 90 or 100 feet. I couldn't stop the car in 30 feet. I was more than 30 feet behind him. . . . Q. Did this man come to a stop before you hit him? A. Yes, sir. I mean to say he came to a dead stop right on the highway over the black line. He gave no signal whatever. . . . Q. You were trying to get around the truck? A. Yes, sir. After he stopped I was about 90 feet behind him when I saw he stopped. I couldn't get around—not with him with all the road. He stopped in the middle of the road. For 90 feet I could see this. I could not pass him. . . . I had my car under control, but I didn't know he was going to stop. He stopped without any warning and then I took my foot off the accelerator and put the brakes on."

There was other evidence tending to corroborate appellant's testimony.

The testimony of appellees is in direct conflict with appellant as to the cause of the collision. Appellees' truck driver, Floyd Green, testified: "Q. You were driving a truck? A. Yes, sir. I was driving down the road and met a car and there were some negro boys on the side of the road and I slowed down to let the boys get out of the way and when I did this car hit me. Q. What did you do with reference to giving a signal? A. I threw out my hand. Q. Did you ever stop your car at all? A. No, sir, not plumb stopped. I imagine I was driving eight or ten miles an hour. I gave a signal. I was driving a dual wheel truck. I was on the right-hand side of the road, the proper side. Both of my truck wheels were not over the black mark for a foot or foot and one-half. They were on the right-hand side. My car was moving at the time this car hit me." There was other evidence tending to corroborate appellees' testimony.

We cannot say, however, that the trial court abused its discretion in granting the motion for a new trial and setting aside the judgment, the evidence being in sharp conflict on the issue of appellees' negligence.

While the record reflects that the order of the court in granting the motion for a new trial was general in its terms and no specific ground was stated, since the motion for a new trial alleged as a ground the insufficiency of the evidence to support the verdict, we must affirm the trial court's action if it can be supported on this or any other ground set up in the motion.

The rule governing is stated by the textwriter in American Jurisprudence, vol. 3, p. 371, § 829, in this language: ''Where, however, the order is expressed in general terms, without a specification of the grounds therefor, it will be affirmed if it can be supported on any ground alleged in the motion, even though it is one which is discretionary with the court, as, for instance, the insufficiency of the evidence.''

And in 5 C. J. S. 88, § 1464, subdivision g (a), the author states the rule as follows: ''Where an order granting a motion for a new trial is general in its terms and does not state that it is based on any particular ground, the reviewing court may and will examine and consider the entire record and all the grounds of the motion to ascertain if the order can be sustained on any ground; and it will affirm or uphold the order if it is warranted or justified on any ground stated in the motion or notice of motion or if error in making it does not affirmatively appear from the record. Indeed, the view has been taken that no error can be based on the action of the trial court in granting a new trial where it did not specify the particular ground on which it granted the new trial. Another view, however, is that a general order granting a new trial will not be affirmed where there is no ground in the motion on which the new trial could properly have been granted.''

Finding no error, the judgment is affirmed.

HUMPHREYS and MEHAFFY, JJ., dissent.

HUMPHREYS, J., (dissenting). The trial court in this case set the verdict of the jury aside on the ground that the verdict was not supported by a preponderance of the evidence. The court did not give any reason why

he set it aside and it is conceded the instructions were correct. The only ground he could have had was that the verdict was contrary to a preponderance of the evidence.

The majority have set out the substance of the evidence of appellant, J. B. Hall, and that of his son, Kenneth Hall, who was driving the automobile. The evidence of these two witnesses clearly shows that the driver of the truck was guilty of negligence which resulted in the injury. The majority say that their evidence was corroborated by other evidence. We think the evidence introduced for the appellant, or plaintiff below, when carefully read, clearly preponderates in favor of liability of appellees and the extent of the injury he sustained.

There is no evidence at all showing any negligence on the part of the son of appellant in driving the car. He was traveling at a reasonable rate about ninety feet behind appellees' truck, and that he had complete control of his car when appellees' driver of the truck suddenly stopped without any warning which was the cause of the collision. It is true the driver of the truck denied that he completely stopped his truck in the middle of the road, but his testimony is not corroborated by any substantial evidence.

The trial court was in error in finding that the verdict was contrary to a preponderance of the evidence. The court should have found under the evidence exactly to the contrary and should have overruled the motion for a new trial.

According to my construction of the testimony, judgment should be entered here for appellant.

Mr. Justice MEHAFFY agrees with me in the construction which should be placed upon the evidence and joins with me in this dissent from the opinion of the majority.