# ARKANSAS COURT OF APPEALS

DIVISIONS III & IV
No. CV-13-470

| | | |
|---|---|---|
| DAVID R. TILLEY | | **Opinion Delivered** January 15, 2014 |
| | APPELLANT | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. CV-2010-385] |
| V. | | |
| | | HONORABLE DENNIS C. SUTTERFIELD, JUDGE |
| DEBBIE SPARROW | | |
| | APPELLLEE | AFFIRMED |

### JOHN MAUZY PITTMAN, Judge

The appellant, David R. Tilley, appeals from an order granting a motion for a new trial in favor of appellee, Debbie Sparrow, following a jury verdict for appellant. He argues that the trial court abused its discretion in granting the motion. We affirm.

This case arose out of a vehicular accident that took place on April 8, 2005, at an intersection controlled by traffic lights in Russellville, Arkansas. The intersection was of two multi-lane streets, Parkway and El Paso. Parkway is a four-lane street without turning bays. Immediately before the accident occurred, appellant was stopped in the eastbound left lane of Parkway, waiting to turn left (north) onto El Paso. He was directly opposite a truck stopped in the westbound left lane of Parkway that was likewise attempting to turn left (south) onto El Paso. When the light turned green, appellant waited until several cars in the outside westbound lane passed the truck opposite him and cleared the intersection. He then turned left, heard something strike the rear of his car, and saw appellee's motorcycle on the

ground in the center of the intersection. Appellant testified that he "looked as best he could" before turning but never saw appellee's motorcycle until after the collision. At the time of the accident, appellant was a seventy-year-old retired high school social studies teacher, coach, and driver's education instructor.

Appellee, at the time of the accident, was in her late 30s and was employed as a nuclear plant safety inspector. She had completed a motorcycle-safety course and was an experienced motorcyclist. The only witness to the accident other than the parties testified that appellee was riding a Harley-Davidson motorcycle two or three car lengths ahead of him in the westbound lanes of Parkway immediately before the collision. Because a truck in front of appellee was signaling a left-hand turn at the intersection, appellee changed from the inside lane to the outside lane. The witness testified that appellee was traveling within the speed limit at between twenty-five and thirty miles per hour; that she signaled and executed the lane change smoothly, under control, and without accelerating or decelerating; and that she completed her lane change in front of a body shop located two lots away from the intersection. Morgan Barrett, a civil engineer who owned a surveying company in Russellville, testified that he inspected the intersection and that the body shop was approximately 220 feet from the point of impact. Officer Lee Goemmer of the Russellville Police Department, who responded to the accident scene, testified that a person turning left is required to yield right-of-way to oncoming traffic at that intersection; that he measured a thirty-four foot skid mark made by appellee's motorcycle to the point of impact; and that there were no skid marks made by appellant's vehicle. Finally, Officer Goemmer testified

that appellant stated at the scene that he did not see appellee's motorcycle until after the collision.

After a jury returned a verdict for appellant on this evidence, appellee moved for a new trial on the grounds that the jury's verdict was clearly contrary to the preponderance of the evidence. The trial court granted the motion, and this appeal followed.

The law affecting the granting of a new trial and appellate review of that decision is settled. The Arkansas Rules of Civil Procedure permit a circuit judge to order a new trial if the jury's verdict is clearly contrary to the preponderance of the evidence. Ark. R. Civ. P. 59(a)(6). The test we apply on review of the grant of the motion is whether the trial court abused its discretion. *Razorback Cab v. Martin*, 313 Ark. 445, 856 S.W.2d 2 (1993). We will not reverse the grant of a new trial unless the trial court has clearly and manifestly abused its discretion by acting improvidently or thoughtlessly without due consideration. *Young v. Honeycutt*, 324 Ark. 120, 919 S.W.2d 216 (1996). A showing of abuse is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail. *Id*.

Appellant cites Arkansas Model Instructions–Civil 603 (2012) for the proposition that the mere fact that an accident occurs is not, of itself, evidence of negligence or fault on the part of any person. He argues that the jury could have found that he exercised proper care in making his left turn and that appellee swerved suddenly from a position of concealment behind the westbound, left-turning truck into the outside lane, making it impossible for him

3

to see her in time to avoid the collision. We cannot, on this record, say that the trial court manifestly abused its discretion by granting a new trial.

In finding that a new trial was properly granted in *Richardson v. Flanery*, 316 Ark. 310, 313, 871 S.W.2d 589, 590–91 (1994), the court said:

> The only evidence tending to disprove the allegations of negligence against Mrs. Richardson is her own testimony regarding the cause of the accident. However, it is unrefuted that the Flanerys had the right-of-way when the accident occurred. Even Mrs. Richardson offered no explanation for how the accident occurred, other than to claim that the Flanerys struck her, rather than vice versa: "Yeah, I did not see. I slowed down. I looked. I did not see him. I mean, I didn't see their automobile, truck."

In the present case, it is likewise unrefuted that appellee had the right of way, and the only defense asserted was that appellant did not see appellee before the collision. Furthermore, although appellant suggests that appellee may have swerved from behind the turning truck at the last moment, this is pure speculation and is contrary to the detailed testimony of the eyewitness and the physical evidence of thirty-four feet of motorcycle skid marks all in the outside lane of traffic. We hold that the trial court did not abuse its discretion in granting appellee's motion for new trial, and we affirm.[1]

---

[1]The dissenting judge would reverse "[b]ecause the jury was properly instructed and its verdict was not clearly against the preponderance of the evidence." Even were we to agree with that statement, it would provide no basis for reversing the trial court's grant of a new trial. Our standard of review is well-established, and perhaps the clearest exposition of that standard appears in *Hall v. W.E. Cox & Sons*, 202 Ark. 909, 911–13, 154 S.W.2d 19, 20 (1941):

> Appellant earnestly urges here that the cause was submitted to the jury under proper instructions, on conflicting testimony, and that the jury having decided the issues of fact in appellant's favor, the trial court erred in setting the judgment aside and granting a new trial. We cannot agree with this contention.

It has long been the established rule that the trial court not only has the power, but that it is his duty, to set aside a jury's verdict and grant a motion for a new trial if he concludes that the verdict is against the clear preponderance of the evidence.

In *McDonnell v. St. Louis S.W. Ry. R. Co.*, 98 Ark. 334, 135 S.W. 925, this court said:

It is reversible error for the trial court to direct a verdict for one party where there is any substantial evidence to warrant a verdict for the other party. The trial court can not take from the jury its prerogative to determine disputed questions of fact (citing cases).

. . . It is not invading the province of the jury for the trial judge to set aside its verdict where there is a conflict in the evidence. On the contrary, it is the duty of the trial court to set aside a verdict that it believes to be against the clear preponderance of the evidence. But it should not, and the presumption is that it will not, set aside a verdict unless it is against the preponderance of evidence. This court will not reverse the ruling of the lower court in setting aside a verdict where there is substantial conflict in the evidence upon which the verdict was rendered, but will leave the trial court to determine the question of preponderance. *Taylor v. Grant Lumber Co.*, 94 Ark. 566, 127 S.W. 962; *Blackwood v. Eads*, 98 Ark. 304, 135 S.W. 922.

And in *Twist v. Mullinix*, 126 Ark. 427, 190 S.W. 851, 854, one of our leading cases on the subject, this court said:

[A]fter the jury has concluded its deliberations and returned its verdict, if there is a motion for a new trial setting up that the verdict is not sustained by sufficient evidence, or that it is contrary to law, or both, it is then the province of the trial court to review the verdict and to determine whether or not the jury has correctly applied the law as contained in the court's instructions, and whether or not the verdict is responsive to the preponderance of the evidence.

. . . .

. . . Where there is a decided conflict in the evidence, this court will leave the question of determining the preponderance with the trial court, and will not disturb his ruling in either sustaining a motion for a new trial or overruling same.

5

Affirmed.

GLADWIN, C.J., and WALMSLEY, WYNNE, and GRUBER, JJ., agree.

HARRISON, J., dissents.

**BRANDON J. HARRISON, Judge, dissenting.** The majority has concluded that there was no abuse of discretion in granting Sparrow's motion for a new trial. This conclusion is based on its finding that it was "unrefuted that appellee had the right of way, and the only defense asserted was that appellant did not see appellee before the collision." I disagree with the majority's conclusion and would hold that the circuit court abused its discretion by substituting its own view of the evidence for that of the jury. Because I would uphold the unanimous twelve-person jury verdict that was rendered in Tilley's favor, I respectfully dissent.

---

> *The witnesses give their testimony under the eye and within the hearing of the trial judge. His opportunities for passing upon the weight of the evidence are far superior to those of this court.* Therefore, his judgment in ordering a new trial will not be interfered with unless his discretion has been manifestly abused. See, also, *McDonnell v. St. L. S.W. Ry. Co.*, 98 Ark. 334, 135 S.W. 925; *McIlroy v. Arkansas Valley Trust Co.*, 100 Ark. 596, 141 S.W. 196.

> *The only tribunal, under our judicial system, vested with the power to determine whether or not a verdict is against the preponderance of the evidence, is the trial court.* Where there is a conflict in the evidence, and the trial court finds that the verdict, upon a material issue of fact, is against the preponderance of the evidence, the logical and necessary result of such finding, as matter of law, is that the verdict must be set aside; otherwise it would be impossible to correct the error.

(Emphasis added.) *See also Missouri Pacific Railroad Co. v. Clark*, 246 Ark. 824, 440 S.W.2d 198 (1969).

Some additional factual detail helps show why I believe the circuit court and the majority have erred. As the majority explained, Officer Lee Goemmer testified that Tilley's left-turning vehicle had to yield the right of way at the intersection where the accident occurred. But the officer also said that he was familiar with the intersection, that it was difficult to see oncoming traffic, and that to make a left turn as Tilley had done, a person must "ease out into the intersection. [Y]ou have to work your way out so you can see further. You have to kind of move into the intersection so you can see." Officer Goemmer confirmed on the witness stand that he did not issue a citation to Tilley or Sparrow.

Nolan Edwards, who saw the accident, testified that he observed Sparrow change lanes, from the inside lane to the outside lane, in front of him and then proceed through the intersection, where she hit Tilley's vehicle. He told the jury that the intersection was a "rotten" one and that he didn't see anything until Sparrow locked up her brakes. According to Edwards, neither Tilley nor Sparrow appeared to be speeding or driving abnormally. On cross-examination, Edwards agreed that the intersection was a "blind hole" and that someone waiting to turn left has to "take an extra effort."

Sparrow testified that she was driving her motorcycle normally, not speeding, and had just moved from the inside lane to the outside lane because the truck in front of her was turning left. She said that she knew she was going to hit Tilley because "he was over right coming directly at me as I'm going straight through my lane with a green light." On cross-examination, she agreed that she was familiar with the intersection and that it was a "fair assumption" that Tilley could not see her.

7

For Tilley's part, he testified that he waited while six or eight cars passed through the intersection after the light had turned green; then he looked again down the street and saw no one in the outside lane. He, too, stated that this was a "bad intersection" and that "you probably don't see less than half the block." And speaking from his experience as a driver-education instructor, Tilley agreed that he had looked as best he could before he turned left and stated, "I've probably told kids a thousand times to do that. So it's kind of in my mind." He confirmed that he had checked the outside lane before he initiated his turn, that he "could see nothing in the outside lane," and that he was not trying to beat anyone across the intersection or otherwise hurry for any reason.

The jury weighed all the evidence presented and rejected Sparrow's case against Tilley. But the circuit court viewed the evidence differently, as is evident in its explanation for why it granted Sparrow a second chance to win her case:

> I find that [the verdict] was contrary to the evidence. I don't know exactly [how] they arrived at the verdict they came to. But based on the evidence I heard and based on the examination of the evidence after the fact, I do not know how a jury, based on this evidence, could have come to the conclusion because there's a—there was a prima facie case established, but there was nothing, there's no substantive evidence on the other side of that question. . . . You've got a defendant who's saying I didn't see her. Who virtually admits to not keeping a proper lookout and not doing what the rules of the road require him to do. So I don't know how the jury came to the verdict it did. . . . [T]he only conclusion I can reach is [the jury] didn't do its job on the issue of liability. . . . [A] motion for new trial is granted.

Tilley did not virtually admit, to use the circuit court's words, that he failed to keep a proper lookout. This case was contested, on all issues, from beginning to end. Though

the circuit court clearly held an opinion of the evidence opposite the jury's, it was not the fact-finder in this case.

The majority is correct that our case law on the granting of a new trial is clear. A circuit court "may not substitute its view of the evidence for that of the jury and grant a new trial unless the verdict is *clearly* against the preponderance of the evidence." *Razorback Cab of Fort Smith, Inc. v. Martin*, 313 Ark. 445, 446, 856 S.W.2d 2, 3 (1993) (emphasis in original). Whether a circuit court properly granted a motion for new trial is tested under the abuse-of-discretion standard. *Carlew v. Wright*, 356 Ark. 208, 148 S.W.3d 237 (2004).

Here, the jury heard conflicting versions of the facts, was properly instructed, and no one claims that anything went afoul during the deliberative process. So it was up to the jury as the finder of fact to weigh all the evidence and resolve the issues of fact. The jury simply resolved any conflicting evidence—including any credibility issues—in Tilley's favor. We should honor the jury's decision. This case is akin to *Razorback Cab*, *supra*, where our supreme court disagreed with the circuit court's decision that the verdict was clearly against the preponderance of the evidence. Like *Razorback Cab*, in this case "there was testimony of a substantial nature which quite plainly supported the verdict, and which was at least the equivalent of any countervailing evidence." 313 Ark. at 448, 856 S.W.2d at 4.

I would hold that the circuit court here substituted its own view of the evidence for that of the jury's and therefore abused its discretion. Contrary to Sparrow's characterization, the evidence is not "overwhelmingly" in her favor; the evidence reasonably supports either side's position. Sparrow and the majority seem to reason that, because an accident occurred

while Sparrow had the right of way, Tilley was necessarily negligent. But the jury was correctly instructed the opposite way: "The fact that a collision occurred is not, of itself, evidence of negligence on the part of anyone." The jury was also told, among other things, that it was "the sole judge[ ] of the weight of the evidence and the credibility of the witnesses," and that when considering the evidence it was "not required to set aside your common knowledge, but you have the right to consider all the evidence in the light of your own observations and experiences in the affairs of life." Because the jury was properly instructed and its verdict was not clearly against the preponderance of the evidence, we should be reversing, not affirming, the circuit court's order that granted Sparrow a second chance to win when she had a full and fair hearing the first time but simply failed to persuade the jury.

*Smith, Williams & Meeks L.L.P.*, by: *Richard A. Smith*, for appellant.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*; and *Peel Law Firm, P.A.*, by: *Richard L. Peel*, for appellee.