JOHN MAUZY PITTMAN, Judge. _JjThe appellant, David R. Tilley, appeals from an order granting a motion for a new trial in favor of appellee, Debbie Sparrow, following a jury verdict for appellant. He argues that the trial court abused its discretion in granting the motion. We affirm. This case arose out of a vehicular accident that took place on April 8, 2005, at an intersection controlled by traffic lights in Russellville, Arkansas. The intersection was of two multi-lane streets, Parkway and El Paso. Parkway is a four-lane street without turning bays. Immediately before the accident occurred, appellant was stopped in the eastbound left lane of Parkway, waiting to turn left (north) onto El Paso. He was directly opposite a truck stopped in the westbound left lane of Parkway that was likewise attempting to turn left (south) onto El Paso. When the light turned green, appellant waited until several cars in the outside westbound lane passed the truck opposite him and cleared the intersection. He then turned left, heard something strike the rear of his car, and saw appellee’s motorcycle on the 12ground in the center of the intersection. Appellant testified that he “looked as best he could” before turning but never saw appellee’s motorcycle until after the collision. At the time of the accident, appellant was a seventy-year-old retired high school social studies teacher, coach, and driver’s education instructor. Appellee, at the time of the accident, was in her late 30s and was employed as a nuclear plant safety inspector. She had completed a motorcycle-safety course and was an experienced motorcyclist. The only witness to the accident other than the parties testified that appellee was riding a Harley-Davidson motorcycle two or three car lengths ahead of him in the westbound lanes of Parkway immediately before the collision. Because a truck in front of ap-pellee was signaling a left-hand turn at the intersection, appellee changed from the inside lane to the outside lane. The witness testified that appellee was traveling within the speed limit at between twenty-five and thirty miles per hour; that she signaled and executed the lane change smoothly, under control, and without accelerating or decelerating; and that she completed her lane change in front of a body shop located two lots away from the intersection. Morgan Barrett, a civil engineer who owned a surveying company in Russellville, testified that he inspected the intersection and that the body shop was approximately 220 feet from the point of impact. Officer Lee Goemmer of the Russellville Police Department, who responded to the accident scene, testified that a person turning left is required to yield right-of-way to oncoming traffic at that intersection; that he measured a thirty-four foot skid mark made by appellee’s motorcycle to the point of impact; and that there were no skid marks made by appellant’s vehicle. Finally, Officer Goemmer testified | athat appellant stated at the scene that he did not see appellee’s motorcycle until after the collision. After a jury returned a verdict for appellant on this evidence, appellee moved for a new trial on the grounds that the jury’s verdict was clearly contrary to the preponderance of the evidence. The trial court granted the motion, and this appeal followed. The law affecting the granting of a new trial and appellate review of that decision is settled. The Arkansas Rules of Civil Procedure permit a circuit judge to order a new trial if the jury’s verdict is clearly contrary to the preponderance of the evidence. Ark. R. Civ. P. 59(a)(6). The test we apply on review of the grant of the motion is whether the trial court abused its discretion. Razorback Cab v. Martin, 313 Ark. 445, 856 S.W.2d 2 (1993). We will not reverse the grant of a new trial unless the trial court has clearly and manifestly abused its discretion by acting improvidently or thoughtlessly without due consideration. Young v. Honeycutt, 324 Ark. 120, 919 S.W.2d 216 (1996). A showing of abuse is more difficult when a new trial has been granted because the party opposing the motion will have another opportunity to prevail. Id. Appellant cites Arkansas Model Instructions-Civil 603 (2012) for the proposition that the mere fact that an accident occurs is not, of itself, evidence of negligence or fault on the part of any person. He argues that the jury could have found that he exercised proper care in making his left turn and that appellee swerved suddenly from a position of concealment behind the westbound, left-turning truck into the outside lane, making it impossible for him 14to see her in time to avoid the collision. We cannot, on this record, say that the trial court manifestly abused its discretion by granting a new trial. In finding that a new trial was properly granted in Richardson v. Flanery, 316 Ark. 310, 313, 871 S.W.2d 589, 590-91 (1994), the court said: The only evidence tending to disprove the allegations of negligence against Mrs. Richardson is her own testimony regarding the cause of the accident. However, it is unrefuted that the Flan-erys had the right-of-way when the accident occurred. Even Mrs. Richardson offered no explanation for how the accident occurred, other than to claim that the Flanerys struck her, rather than vice versa: ‘Yeah, I did not see. I slowed down. I looked. I did not see him. I mean, I didn’t see their automobile, truck.” In the present case, it is likewise unrefut-ed that appellee had the right of way, and the only defense asserted was that appellant did not see appellee before the collision. Furthermore, although appellant suggests that appellee may have swerved from behind the turning truck at the last moment, this is pure speculation and is contrary to the detailed testimony of the eyewitness and the physical evidence of thirty-four feet of motorcycle skid marks all in the outside lane of traffic. We hold that the trial court did not abuse its discretion in granting appellee’s motion for new trial, and we affirm.[1] _JjAffirmed. GLADWIN, C.J., and WALMSLEY, WYNNE, and GRUBER, JJ., agree. HARRISON, J., dissents. . The dissenting judge would reverse ”[b]e-cause the jury was properly instructed and its verdict was not clearly against the preponderance of the evidence.” Even were we to agree with that statement, it would provide no basis for reversing the trial court’s grant of a new trial. Our standard of review is well-established, and perhaps the clearest exposition of that standard appears in Hall v. W.E. Cox & Sons, 202 Ark. 909, 911-13, 154 S.W.2d 19, 20 (1941): Appellant earnestly urges here that the cause was submitted to the jury under proper instructions, on conflicting testimony, and that the jury having decided the issues of fact in appellant’s favor, the trial court erred in setting the judgment aside and granting a new trial. We cannot agree with this contention. It has long been the established rule that the trial court not only has the power, but that it is his duty, to set aside a jury's verdict and grant a motion for a new trial if he concludes that the verdict is against the clear preponderance of the evidence. In McDonnell v. St. Louis S.W. Ry. Co., 98 Ark. 334, 135 S.W. 925, this court said: It is reversible error for the trial court to direct a verdict for one party where there is any substantial evidence to warrant a verdict for the other party. The trial court can not take from the jury its prerogative to determine disputed questions of fact (citing cases). ... It is not invading the province of the jury for the trial judge to set aside its verdict where there is a conflict in the evidence. On the contrary, it is the duty of the trial court to set aside a verdict that it believes to be against the clear preponderance of the evidence. But it should not, and the presumption is that it will not, set aside a verdict unless it is against the preponderance of evidence. This court will not reverse the ruling of the lower court in setting aside a verdict where there is substantial conflict in the evidence upon which the verdict was rendered, but will leave the trial court to determine the question of preponderance. Taylor v. Grant Lumber Co., 94 Ark. 566, 127 S.W. 962; Blackwood v. Eads, 98 Ark. 304, 135 S.W. 922. And in Twist v. Mullinix, 126 Ark. 427, 190 S.W. 851, 854, one of our leading cases on the subject, this court said: [Ajfter the juiy has concluded its deliberations and returned its verdict, if there is a motion for a new trial setting up that the verdict is not sustained by sufficient evidence, or that it is contrary to law, or both, it is then the province of the trial court to review the verdict and to determine whether or not the jury has correctly applied the law as contained in the court’s instructions, and whether or not the verdict is responsive to the preponderance of the evidence. [[Image here]] ... Where there is a decided conflict in the evidence, this court will leave the question of determining the preponderance with the trial court, and will not disturb his ruling in either sustaining a motion for a new trial or overruling same. The witnesses give their testimony under the eye and within the hearing of the trial judge. His opportunities for passing upon the weight of the evidence are far superior to those of this court. Therefore, his judgment in ordering a new trial will not be interfered with unless his discretion has been manifestly abused. See, also, McDonnell v. St. L. S.W. Ry. Co., 98 Ark. 334, 135 S.W. 925 (1911); McIlroy v. Arkansas Valley Trust Co., 100 Ark. 596, 141 S.W. 196 (1911). The only tribunal, under our judicial system, vested with the power to determine whether or not a verdict is against the preponderance of the evidence, is the trial court. Where there is a conflict in the evidence, and the trial court finds that the verdict, upon a material issue of fact, is against the preponderance of the evidence, the logical and necessary result of such finding, as matter of law, is that the verdict must be set aside; otherwise it would be impossible to correct the error. (Emphasis added.) See also Missouri Pacific Railroad Co. v. Clark, 246 Ark. 824, 440 S.W.2d 198 (1969).